SANFORD A. HUDSON, et al., *vs.* SHUBAL W. SMITH, et al., Appellants.

APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard June 21.]                    Decided July 19, 1859.

*Appeal—Security—Stay of Proceedings—Motion—Receiver —Judgment.*

Where a party has appealed from an order appointing a receiver, and gave an undertaking in the sum of $250, and the circuit judge refused to fix the amount of a further undertaking to stay proceedings, under ¿ 2, chap. 139, Laws of 1859; this court may on application, fix the amount of such undertaking, and make the order to stay the proceedings.

If such an order has been granted *ex parte*, this court will hear a motion to vacate the same.

If it depends entirely on the general power of the supreme court to stay proceedings, in any matter appealed to it, then upon a proper case made, the court will order such a stay. This power is not dependent upon any statutory enactment, but rests on the policy of the law, allowing the appeal.

Chap. 139, ¿ 2, Laws of 1859, applies to an appeal from an order appointing a receiver in a case to prevent the destruction of joint property, as well as to an appeal in a case brought for the recovery of money, and it is the duty of the court to fix the amount of the security to be given. This conclusion is arrived at from the fact that in the absence of any statutory provision, an appeal in chancery operates *per se*, as a stay of proceedings under the decree or order appealed from.

It is the general policy of the law to allow a party against whom judicial proceedings are commenced to stay proceedings under the decision of an inferior tribunal against him, from which he has appealed, on giving just and adequate security.

It is usual for the legislature, in providing for an appeal, to provide adequate security, and for a stay of proceedings pending the appeal; and in case of omission by the legislature to provide for such stay, the appellate court may order the same, and fix the amount of security to be given.

The effect of an appeal is to carry the suit or subject matter one step further towards its final adjudication; and it would seem to be repugnant to the

Hudson et al. vs. Smith et al.

idea of an appeal and its objects, that a party may go on in the court be-
low and execute the judgment or order appealed from, notwithstanding the
appeal; but it is competent for the legislature to prescribe conditions for
the appeal and a stay of proceedings; and in such case the order or judg-
ment may be executed notwithstanding the apparent incongruity of the
pending appeal.

In the absence of positive provisions of the statute to the contrary, an
appeal perfected as the law requires,'does *propria vigore* stay proceedings
under the order appealed from.

This is an appeal from an order appointing a receiver.
The facts of the case are sufficiently stated in the opinion of
the court.

*Sleeper & Knowlton*, for the respondents.

*Sloan & Patten*, for the appellants.

*By the Court*, PAINE, J.  This suit was brought by the plain-
tiffs below to recover of the defendants below, possession of
the gas works in the city of Janesville, for alleged frauds, &c.
Various proceedings were had.  The case was removed to
Dane county, and on application an order was made by the
judge of the circuit court, that a receiver be appointed, and it
was referred to himself, at Rock county, whither he was about
to go, to appoint the receiver, &c.  From this order an appeal
was immediately taken and perfected; the appellants giving
the undertaking required by § 15, chap. 139, R. S., 1858, in
the sum of two hundred and fifty dollars.

The judge, however, proceeded under the order to the
appointment of the receiver, when an application was made
to him by the appellants to fix the sum in which an under-
taking should be executed in order to stay proceedings under
the provisions of § 2, chap. 139, of the laws of 1859.  This
he refused to do ; holding that this section was intended to
apply only to actions brought for the recovery of money.

The appellants then moved this court to compel the circuit

judge by mandamus to fix the amount of such an undertaking; or to make an order itself, staying the proceedings, offering at the same time to give bond in such sum and with such condition, as this court should direct; and without deciding whether the appellants were entitled to a stay under the provisions of the act of 1859, before referred to, we granted an order staying proceedings on the appellants filing an undertaking in the sum of ten thousand dollars, conditioned to pay and abide by any judgment that might be finally rendered in the suit.

This order was granted on an *ex parte* application, and the defendants then moved to vacate it, which motion was argued at length by counsel on both sides. Several questions were discussed, among which were the following: 1. Whether the appellants were entitled to a stay of proceedings under the act of 1859. 2. Whether, .if not, the perfecting of the appeal itself worked a stay; and, lastly, if it depended entirely on the general power of this court to stay proceedings in any matter appealed to it, which power was conceded, whether the court ought in this case to continue the order in force; and we think if it turned entirely upon the last question, that we ought not to vacate the order. For it is undoubtedly the general policy of the law to allow any party against whom judicial proceedings are commenced to stay proceedings under the decision of any inferior tribunal against him, from which he has appealed, on giving just and adequate security.

It is usual therefore for the legislature in providing for an appeal, either to provide that giving security shall be a necessary step to perfect it, and shall stay proceedings, or, if the appeal is allowed to be perfected without the security, to make express provision that a stay may be had by giving security. And in this case, if there is no law entitling the party to a stay of proceedings in any event, on an order appointing a receiver of his property from which he has

appealed, it would seem to be an omission entirely inconsistent with the general spirit of the provisions of the law on this subject ; and, so regarding it, we should be inclined to allow a stay of proceedings, without inquiring into the case further than to determine what security, if any, should be given, and it is not claimed here that the security which has been given is not entirely adequate. We might therefore rest our decision overruling the motion on this ground alone.

But as the other questions have been discussed and are fairly presented by the motion, and as they involve a matter of practice that ought to be settled, we will proceed to determine them. And in the first place it is obvious that the question, whether the act of 1859 is applicable to an appeal like this, will very materially depend upon the decision of the other, which is, whether or not an appeal perfected according to law stays proceedings on the order or judgment appealed from, in the absence of any statutory provisions as to its effect. For it was urged upon the argument that this statute did not apply, because it only required security for the payment of any judgment that might be rendered; and it was said that where the principal relief sought by the action did not consist in the payment of money, that such security would be entirely inadequate, and therefore it ought not to be presumed that the legislature intended the act to apply to such cases. But the force of this argument depends entirely on the assumption that in the absence of any statutory provision, the appeal itself would not work a stay of proceedings.

We will therefore first consider the effect of the appeal, on the supposition that there was no statute prescribing what its effect should be, and, so far as it depends on authority, a decision either way might be supported by a very respectable list. The history of the law upon this subject is very fully stated by the chancellor in *Hart vs. The Mayor, &c., of Al-*

*bany,* 3 Paige 381. From this it appears that the House of Lords, during its struggle with the English court of chancery for its appellate jurisdiction, held the law to be that an appeal to the Lords suspended all proceedings in the court below. Afterwards the doctrine was modified by Lord Apsley, so that it was held to stay proceedings only as to the matter appealed from. And this was the law prevailing in England at the time of the separation between that country and the colonies. Afterwards, the jurisdiction of the House of Lords having been acquiesced in, they changed their rule and provided that an appeal should not stay proceedings without an express order of the chancellor. But the courts of New York followed the law as settled at the time of the separation between the two countries, and held that an appeal did, *per se,* stay proceedings in the first instance, but that an order might be obtained for leave to proceed notwithstanding the appeal. So that the decisions of the courts of that state, as to the point now under consideration, sustain the position that the appeal here would of its own force have worked a stay.

In Massachusetts, under a statute providing that on an appeal from a decree of the probate court all proceedings should cease in the court below, it was held that the decree was vacated by the appeal, and could not be held in force, even though the appeal was never entered or prosecuted, *Paine vs. Cowdin,* 17 Pick., 142; *Davis vs. Cowdin,* 20 Pick., 510.

So an appeal has the same effect in admiralty. In *Yeaton vs. The United States,* 5 Cranch., 281, Chief Justice Marshall says : " The majority of the court is clearly of opinion that in *admiralty* cases an appeal suspends the sentence altogether; and that it is not *res adjudicata* until the final sentence of the appellate court is pronounced."

In *Wade vs. The Colonization Society,* 4 Smedes & Mar., 671, under a statute providing that before granting an appeal

the chancellor should require a bond with security to pay or perform the decree or order, &c., the court held that where the statute was complied with, the appeal would by its own force suspend the decree, though there was nothing in the act saying it should have that effect.

In *Helm vs. Boone & Talbot*, 6 J. J. Marsh., 351, speaking of the effect of an appeal, the court says : "And from necessity the action of the circuit court would be suspended by the appeal, until the appellate court had disposed of it. There could not be a greater absurdity in judicial proceedings than to have a cause progressing at the same time in the inferior and appellate tribunals of the country."

In *Yocum vs. Moore*, 4 Bibb., 221, the court held that an appeal from a decree dismissing a bill would even have the effect of suspending a previous order dissolving an injunction, so as to leave the injunction in force.

There are many authorities which hold a different doctrine, some of which were cited on the argument. But if in this conflict we look at the nature and object of an appeal, it seems to us that these support the rule that it works a stay of proceedings. In every judicial system there are inferior and superior tribunals, and the law gives a right of appeal from the decision of the inferior, in order that their mistakes may be corrected, and the party not be finally concluded by their judgment. The appeal carries the suit one step onward towards that final adjudication which the law has provided for. It removes the matter in controversy to the higher tribunal to be tried over there. And this very idea and object of an appeal seems entirely repugnant to the idea that the party, notwithstanding the appeal, may go on in the court below and execute the judgment or order appealed from.

It is undoubtedly competent for the legislature to prescribe as a condition of appeal, that a party shall give security, or that, unless he gives security, his appeal shall not stay pro-

ceedings. And in such case, unless he complies, the judgment or order appealed from may be executed against him, notwithstanding the apparent incongruity between such a proceeding and the existence of an appeal. But we think this can only take place by force of the positive provisions of law, and that where the legislature has not seen fit to make such provision, the appeal, perfected as the law requires, does by its own force stay proceedings under the order or decree appealed from.

And this conclusion is in conformity with what has been the uniform practice of this court heretofore, though it seems no decision on the subject has been reported. And it is supported by the rule of the common law, as to the effect of a writ of error, which was held by its own force to stay proceedings until the statute intervened and deprived it of that effect unless bail was given.

Having come to this conclusion, it follows from what has already been said, that the statute of 1859 is applicable to this appeal. Section 2 of that act provides that no appeal from an intermediate order shall stay proceedings, unless the party appealing give security to pay the judgment finally recovered.

The objection that this act is not applicable to a case of this kind, assumes that wherever a party has obtained a decision in his favor on an intermediate order, from which the law allows an appeal, that he has an abstract right, before such appeal shall stay his proceedings, to have full security for the performance or payment of whatever may be adjudged finally in the suit. But this is not so. On the contrary it is entirely within the discretion of the legislature to prescribe to what extent such security shall be given. And where they provide that on an appeal from an intermediate order, an undertaking to pay the final judgment shall stay proceedings, this court would have no right to say that the statute did not

apply to a case within the language used, even though it should deem that a more appropriate security might in some cases have been required.  But it is not entirely clear that such an undertaking would not be a sufficient security even in a case like this.  For if the defendant should wrongfully dispose of the property in question before final judgment, a personal judgment might be rendered against them for the value.

The motion to vacate the order staying proceedings is over-ruled.