# CASES DETERMINED

## *January Term, 1895.*

---

THE CITY OF JANESVILLE, Respondent, vs. THE JANESVILLE WATER COMPANY, imp., Appellant.

*December 11, 1894 — January 8, 1895.*

*Appeal: Stay of proceedings: Receivers.*

1. Where the trial court has refused to stay the execution of an order appointing a receiver of a corporation, pending an appeal, the supreme court has power to grant such a stay and to restore the parties, so far as may be, to their condition in respect to the matter affected by the order at the time it was granted.

2. If the appeal is taken in good faith, and the party asking the stay gives the reasonable security required, a stay of proceedings is a matter of right.

THE appeal in this case is from an order of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge.

The appellant moves for an order suspending the order appealed from, appointing a receiver of the rents, issues, and profits of the defendant's works, and of the books, papers, and documents, who was to have full and complete charge of said works and property, and staying all proceedings under such order during the pendency of the appeal. The relief demanded in the action is that the franchise and privileges granted to the defendant by an ordinance of the city be vacated and annulled, that the actual cost of its works be

ascertained and determined, with a view to a purchase of the same under an option secured to the city in the ordinance, and that the defendant company be enjoined during the pendency of the action from shutting off the water supply of the city furnished by its works, and for other and further relief, etc. But no such injunction was granted. The circuit court refused to stay the execution of the order appealed from, pending the appeal, or to fix the sum in which the defendant might give security for that purpose. In the meantime the receiver obtained possession of the defendant's works, etc., under the order appointing him.

For the appellant there was a brief by *Winans & Hyzer* and *H. H. Hayden,* and oral argument by *Mr. Hayden* and *Mr. E. M. Hyzer.* ·

*M. G. Jeffris,* for the respondent.

PINNEY, J.   It is neither necessary nor proper to enter at this time upon a consideration of the merits of the defendant's appeal, further than to observe that it appears to have been taken and is prosecuted in good faith.   It appears to present questions proper to be considered and decided by this court.   We are not advised of the ground of the refusal of the circuit court to grant the stay sought by the defendant, on terms, further than that it is contended that to grant or refuse it was a matter entirely within the discretion of the court.   This court has the inherent power, by virtue of its appellate jurisdiction, to grant the order applied for, and to restore the parties, so far as may be, to their condition in respect to the matters affected by the order at the time it was granted.   This has been held in many cases, and in *Northwestern Mut. L. Ins. Co. v. Park Hotel Co.* 37 Wis. 131, the authority of the court to grant the relief sought by this motion is clearly and vigorously enforced.   To the same effect are the cases of *Hudson v. Smith,* 9 Wis. 122, and *Levy v. Goldberg,* 40 Wis. 308, and since then this power

has been exercised in numerous unreported instances. Appeals from orders and judgments, in the cases allowed by law, are a matter of right; and within the limitation that the appeal is taken and prosecuted in good faith, and that the party asking it gives the reasonable security required for that purpose, a stay of proceedings during the pendency of an appeal is quite of course, and really a matter of right, without which an appeal allowed by law would often prove fruitless and the appellate jurisdiction of the court be found inadequate to the ends of justice and the proper protection of the rights of parties during the pendency of the appeal.

*By the Court.*— Upon giving security in the sum of $10,000, in the form of a bond with sufficient sureties, conditioned for the proper performance of the duties of the water company defendant in supplying water to the city and its inhabitants according to the provisions of the ordinance set forth in the complaint, to be approved by the judge of the circuit court or county judge of Rock county, all proceedings under the order appealed from will be stayed during the pendency of the appeal, and upon filing such bond the receiver shall deliver to the defendant company any property or funds of which he may have taken possession as such.