MARIEN and others, Respondents, vs. EVANGELICAL CREED CONGREGATION OF MILWAUKEE and others, Appellants.

*May 12—June 3, 1909.*

(1) *Supreme court: Restraining acts of party pending appeal.*
(2) *Religious societies: Diversion of property to other uses: Rights of members: Enforcement.*

1. The supreme court will not by order restrain an appellant from doing certain acts pending the appeal when such acts are as completely prohibited by the judgment appealed from as they would be by such an order and the restraining effect of the judgment has not in any way been restricted or modified.
2. Where property has been acquired, whether by gift or purchase, for the maintenance and support of the faith of a recognized denomination or church, every member of the association acquiring it may resist its diversion to other antagonistic uses, whether secular or religious, and the courts will protect and enforce the trust to apply it to the uses for which acquired and not to inconsistent uses.

APPEAL from a judgment of the circuit court for Milwaukee county: E. B. BELDEN, Judge.   *Affirmed.*

The facts are stated in the opinion.

On January 29, 1909, there was a motion by the respondents for an order restraining and enjoining defendants from disposing of or interfering with the custody of a certain fund belonging to defendant congregation, and from mortgaging

or in any way disposing of any of its property until the determination of the appeal.

*F. X. Boden,* for the motion.

*H. F. Cochems, contra.*

The following opinion was filed January 30, 1909:

PER CURIAM. The respondents' motion for an order restraining the appellants from doing certain specific acts must be denied, because there is no showing in the records and affidavits, taken together, of any necessity therefor. The judgment restrains the appellants in very broad and general terms from any misappropriation of any property of the corporation while their official position gives them the opportunity to control it. There is nothing in the record to indicate that the restraining effect of that judgment has been restricted or modified in any way pending the appeal, nor does any reason appear why any misappropriation or misuse of such property would not constitute a contempt punishable at once as such. The acts alleged by affidavits to be threatened, if they constitute unlawful diversion or misappropriation of any assets belonging to the corporation, are therefore as completely prohibited by the judgment itself as they would be by any order which we might make.

The cause was argued on May 12, 1909.

For the appellants there was a brief by *Kanneberg & Cochems,* and oral argument by *A. Kanneberg.*

For the respondents there was a brief by *Boden & Beuscher,* and oral argument by *F. X. Boden.*

The following opinion was filed June 3, 1909:

WINSLOW, C. J. This is an action in equity, brought by certain members of a church congregation against the church corporation, its pastor and trustees, to prevent the changing of the creed of the organization and the perversion of the corporate property by using it for the spreading of religious

doctrines and tenets hostile to those to which the property was dedicated by the founders of the church. The complaint was before this court upon demurrer in *Marien v. Evangelical C. Cong.* 132 Wis. 650, 113 N. W. 66, where it was sustained. It does not seem necessary here to restate its allegations. Reference may be made to that case for further information as to the claims of the complaint. The defendants answered to the merits, and a trial has been had resulting in findings and judgment for the plaintiffs, and the defendants appeal.

The findings were to the effect that the church was organized in September, 1897, as a German Evangelical church or congregation, and formally joined the Wisconsin District of the German Evangelical Synod of North America in June, 1899; that difficulties concerning church discipline arose between the officers of the said Wisconsin District and Rev. *Franz Kupfer,* pastor of the church, in June, 1904, which resulted in *Mr. Kupfer's* joining the Evangelical Lutheran Synod of Wisconsin; that thereafter said *Kupfer* began using the catechism, ritual, forms, and ceremonies of the Evangelical Lutheran Synod and adheres to that faith; that there are serious and fundamental differences between the faith of the German Evangelical Synod and the faith of the Evangelical Lutheran Synod; that the pastor and officers of the church have repudiated the first-named faith and have attempted to adopt the last-named faith and thus divert the property of the congregation to uses different from and hostile to those of the German Evangelical Synod; that the plaintiffs, who desire to retain the original faith, are entitled to an injunction preventing any such change of faith and preventing the perversion of the church property to the spreading of other doctrines than those to which it was dedicated, and also preventing *Mr. Kupfer* from preaching the doctrines of the Lutheran Synod in said church, or any doctrines at variance with the doctrines of the Evangelical Synod, or acting as pastor until he again

becomes a member in good standing of the German Evangelical Synod.    The judgment followed the findings.

The trial of the case was very long, and the evidence, even when printed, covers more than 500 pages.    Nearly every finding of fact which is of any importance in the case is attacked by the appellants, who have furnished us a brief of more than 100 pages.    Many pages might be written in discussing the facts and the sufficiency of the evidence to support the findings of the trial judge, but it is not perceived how such a course would add anything useful to the vast volume of case law which is now being sent forth annually to burden the shelves of a long-suffering profession.    Nor do we feel that we have any special qualifications which would enable us to discuss illuminatingly the fine-drawn doctrinal distinctions which separate the two faiths.

There were two fundamental and controlling questions here: *First,* was the church at its foundation devoted by its founders to the dissemination of the doctrines of one certain faith or sect? and *second,* are the pastor and the trustees endeavoring to use the church property for the support of another and different faith?    The trial judge resolved both of these questions in the affirmative, and from an examination of the case we are convinced that the testimony amply sustains the findings.    The legal result from these facts is not in doubt.    As said in the opinion upon the demurrer in the present case (132 Wis. 650, 652, 113 N. W. 66, 67):

"When property has been acquired, whether by gift or purchase, for the maintenance and support of the faith of any recognized denomination or church, every member of the association acquiring it, corporate or unincorporated, has a right to resist its diversion to other antagonistic uses, whether secular or religious, and therefore those who hold the title or control, whether a corporation or the officers of an association, hold it charged with a trust to apply it to the uses for which acquired and not to inconsistent ones.    Such trusts the courts will protect and enforce."

*By the Court.*—Judgment affirmed.