MILWAUKEE CORRUGATING COMPANY, Respondent, vs.
FLAGGE and others, Appellants.

*March 7—April 3, 1923.*

*Appeal: Stay of proceedings: Security to prevailing party: Damages on affirmance: What are: Attorney fees: When allowed: Appealable order: Assessment of damages on bond on stay.*

1. Where a surety, although not a party, is bound by an order assessing damages on a bond given pursuant to sub. (1), sec. 3069, Stats., on appeal from an order refusing to suppress or prohibit an adverse examination under sec. 4096 the order is appealable.
2. It is the general policy of the law to allow any party to stay proceedings on appeal from the adverse decision of any inferior tribunal upon giving just and adequate security, and the stay is favored as of right.
3. Attorneys' fees are not, without specific direction therefor, allowable in the assessment of damages on such a bond; and the fact that the bond was conditioned that appellant pay plaintiff all damages occasioned to it by the delay caused by said appeal and "by the appeal" did not constitute a specific direction that attorneys' fees should be recovered.
[4. Whether or not sec. 3060, Stats., authorizes the trial court to include attorney fees in an undertaking on appeal from an order as a condition of staying further proceedings, is not decided.]

APPEAL from an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

An action was brought by the plaintiff against the defendants by the issuance of a summons to recover damages for alleged conspiracy. Thereupon an affidavit was filed to procure an examination under sec. 4096, Stats., to enable the plaintiff to plead. The defendants moved to suppress the examination, which motion was denied. The defendants appealed to this court and secured a stay of all proceedings pending the appeal upon giving an undertaking as required by the circuit judge. This undertaking was in addition to the undertaking for costs. The appeal in the supreme court was dismissed on the ground that it was not from an ap-

.pealable order. *Milwaukee C. Co. v. Flagge,* 170 Wis. 492, 175 N. W. 777. Thereafter the plaintiff had an assessment of damages occasioned by the appeal. The court included in such assessment of damages the fees of the plaintiff's attorneys upon that appeal. From that order of the circuit court defendants and the surety company on the undertaking now appeal, and contend that the attorneys' fees were not properly any part of the damages included within the terms of the undertaking.

For the appellants there were briefs by *Minahan, Minahan, Minahan & Duquaine* of Green Bay, and oral argument by *V. I. Minahan.*

For the respondent there was a brief by *Glicksman, Gold & Corrigan,* and oral argument by *M. K. Whyte,* all of Milwaukee.

CROWNHART, J. It has been held that it is the general policy of the law to allow any party against whom judicial proceedings are commenced to stay proceedings under the decision of any inferior tribunal against him, from which he has appealed, on giving just and adequate security. *Hudson v. Smith,* 9 Wis. 122; *Northwestern Mut. L. Ins. Co. v. Park Hotel Co.* 37 Wis. 125.

It has also been held that appeals from orders and judgments, in the cases allowed by law, are a matter of right; and within the limitation that the appeal is taken and prosecuted in good faith, and that the party asking it gives the reasonable security required for that purpose, a stay of proceedings during the pendency of an appeal is quite of course, and really a matter of right. *Janesville v. Janesville W. Co.* 89 Wis. 159, 61 N. W. 770. Thus it is seen that appeals from orders and judgments and the stay of further proceedings pending an appeal, upon giving proper security, are favored as of right.

Under secs. 3059 and 3060, Stats., the circuit court was authorized to stay proceedings on the appeal from the order

in question upon the appellant executing an undertaking in such sum and to such effect as the court should direct. The trial court directed that an undertaking be filed, in addition to the undertaking for costs, in the sum of $1,000, to the effect that the appellant would pay to the plaintiff "all damages occasioned to it by the delay caused by said appeal and by the appeal" as a condition of stay of further proceedings. Such an undertaking was filed in behalf of the appellant with the American Surety Company as surety. The respondent in the case before us contends that the language of the undertaking quoted authorized the circuit court to assess as a part of its damages the reasonable attorneys' fees of the respondent on the former appeal from the order refusing to suppress the examination under sec. 4096, Stats., and that is the question before us—whether such attorneys' fees were properly allowable as a part of the damages under such undertaking.

The respondent contends that the order assessing damages, from which this appeal is taken, is not appealable. At the assessment of damages before the circuit court the American Surety Company was cited, and although it is not a party to this action nor to the order assessing damages it is bound by that order, and unless its rights be protected by this appeal it will have no opportunity to secure a review on appeal of such assessment of damages. We conclude, therefore, that under sub. (1), sec. 3069, Stats., the order is appealable.

Coming to the main question—were attorneys' fees properly allowable under the undertaking given on the former appeal in the assessment of damages—we are mindful that attorneys' fees have been allowed and are allowable in certain actions or proceedings in this state under the general term "damages." In *Wis. M. & F. Ins. Co. Bank v. Durner,* 114 Wis. 369, 90 N. W. 435, this court, following the rule maintained in the courts of New York, from which we borrowed the statute there passed upon, held that counsel fees for services rendered on a motion to dissolve an injunction

might be allowed. So, too, counsel fees have been allowed in contempt proceedings. *My Laundry Co. v. Schmeling*, 129 Wis. 597, 109 N. W. 540. Also in attachment proceedings under sec. 2748, Stats., attorneys' fees may be assessed as part of the damages. On the other hand, in two recent cases this court has held that generally attorneys' fees are not authorized in actions as a part of the damages allowable unless there is specific statutory authority for the same. *Weinhagen v. Hayes*, 179 Wis. 62, 190 N. W. 1002; *State ex rel. Thompson v. Board of School Directors*, 179 Wis. 284, 191 N. W. 746. Without reviewing those decisions we reaffirm the principle there laid down, and hold that attorneys' fees are not properly allowable in the assessment of damages in the order upon this appeal unless there can be found specific authority therefor in the order of the court directing the undertaking and in the language of the undertaking itself. It is contended by the respondent that the words added to the usual undertaking, "and by the appeal," should be interpreted to include attorneys' fees. We do not so interpret this expression. Certainly it would have been easy for the court to have used the proper and unambiguous term "attorneys' fees" if it was so intended. It is true that that would be the only additional element of damages not covered by the general undertaking, but it is also true that if that was what was intended, in view of the general policy of the law as laid down in the recent cases cited, attorneys' fees should have been expressly included in the order. Whether or not sec. 3060, Stats., authorizes the trial court to include attorneys' fees in an undertaking on appeal from an order, as a condition of staying further proceedings, is not decided. It follows that the circuit court was in error in including attorneys' fees in its assessment of damages.

*By the Court.*—The order of the circuit court is reversed, and cause remanded for further proceedings according to law.