STATE EX REL. BOYSA, Petitioner, vs. FRITZ, Circuit Judge, Respondent.

*February 11—March 8, 1927.*

*Appeal: Stay of proceedings: Right of litigant desiring to appeal: Mandamus requiring trial judge to fix bond.*

1. The general policy of the law is to allow a party against whom judicial proceedings were commenced to stay proceedings under a decision of an inferior tribunal against him and from which he has appealed, on giving just and adequate security. p. 359.

2. Under secs. 274.22 and 274.23, Stats., a defendant who appeals from an injunction against his using a barn for storage of an automobile is entitled to a writ of *mandamus* to compel the trial judge to fix a bond staying execution of the judgment pending an appeal to this court. p. 362.

ORIGINAL PROCEEDING in this court by alternative writ of *mandamus,* directing OSCAR M. FRITZ, Judge, to fix the terms and amount of a bond, pursuant to secs. 274.22 and 274.23, Stats., staying execution of a judgment in that court pending appeal from said judgment to this court, or to show cause why he should not do so.

From the petition and return of said alternative writ it appears that the relator, *Caroline Boysa,* was the owner of a barn in the city of Milwaukee, wherein she stored an automobile contrary to an ordinance of the city. The relator brought an action in said court to enjoin such use of the barn, and judgment was rendered by such circuit judge restraining the relator from making such use of the barn. From this judgment the relator appealed, and made

a motion before the circuit judge to fix the bond staying the execution of the judgment pursuant to the statutes referred to. The court denied the motion of relator, and relator sued out the alternative writ of *mandamus*. The defendant made return to the writ and moved to quash.

*John P. Retzer* of Milwaukee, for the petitioner.

*Albert M. Kelly* of Milwaukee, for the respondent.

CROWNHART, J. At an early day this court held that it was the general policy of the law to allow a party against whom judicial proceedings were commenced to stay proceedings under the decision of an inferior tribunal against him, from which he has appealed, on giving just and adequate security. *Hudson v. Smith,* 9 Wis. 122. This court said, on p. 127:

"There are many authorities which hold a different doctrine, some of which were cited on the argument. But if in this conflict we look at the nature and object of an appeal, it seems to us that these support the rule that it works a stay of proceedings. In every judicial system there are inferior and superior tribunals, and the law gives a right of appeal from the decision of the inferior, in order that their mistakes may be corrected, and the party not be finally concluded by their judgment. The appeal carries the suit one step onward towards that final adjudication which the law has provided for. It removes the matter in controversy to the higher tribunal to be tried over there. And this very idea and object of an appeal seems entirely repugnant to the idea that the party, notwithstanding the appeal, may go on in the court below and execute the judgment or order appealed from."

"It is undoubtedly competent for the legislature to prescribe as a condition of appeal, that a party shall give security, or that, unless he gives security, his appeal shall not stay proceedings."

This opinion was rendered at the June term, 1859, and following that opinion, the legislature, by ch. 264, sec. 27,

Laws of 1860, enacted in substance the present secs. 274.22 and 274.23, which are as follows:

"274.22   If the judgment appealed from direct the abatement or restrain the continuance of a nuisance, either public or private, the execution of the judgment shall not be stayed by the appeal unless an undertaking be entered into on the part of the appellant, by at least two sureties, in such sum as the court or the presiding judge thereof shall direct, to the effect that the appellant will pay all damages which the opposite party may sustain by the continuance of such nuisance.

"274.23   If the judgment appealed from direct the doing or not doing of any other particular act or thing, and no express provision is made by statute in regard to the undertaking to be given on appeal therefrom, the execution thereof shall not be stayed by an appeal therefrom unless an undertaking be entered into on the part of the appellant, in such sum as the court or the presiding judge thereof shall direct, and by at least two sureties, to the effect that the appellant will pay all damages which the opposite party may have sustained by the doing or not doing the particular act or thing directed to be done or not done by the judgment appealed from, and to such further effect as such court or judge shall in discretion direct."

Thereafter, in 1875, this court, in *Northwestern Mut. Life Ins. Co. v. Park Hotel Co.* 37 Wis. 125, held:

"Where a party who wishes to appeal from the circuit court, and is entitled to a stay on filing a proper undertaking, is prevented from so doing by a refusal of that court to fix the amount of such undertaking, he may delay his appeal and obtain from this court a *mandamus* directing the circuit judge to proceed and fix such amount; or he may perfect his appeal and obtain an order in this court staying proceedings at the circuit, upon the proper statutory terms" (referring to the statutes above cited).

In that case the court said:

"And the right of appeal as plainly carries with it the right to stay proceedings on that part of the judgment, pending the appeal. 'In every judicial system there are inferior and superior tribunals, and the law gives a right of appeal from the decision of the inferior, in order that their

mistakes may be corrected, and the party not be finally concluded by their judgment. The appeal carries the suit one step onward towards that final adjudication which the law has provided for. It removes the matter in controversy to the higher tribunal, to be tried over there. And this very idea and object of an appeal seem entirely repugnant to the idea that the party, notwithstanding the appeal, may go on in the court below and execute the order or judgment appealed from.' *Hudson v. Smith*, 9 Wis. 122. Our statute of appeals goes upon that policy, and undertakes to provide for a stay of proceedings upon all appeals to this court from judgments of the circuit courts, upon compliance with prescribed terms. Indeed it is held, in the case just quoted, that, in the absence of statutory provision, the appeal itself would operate as a *supersedeas;* and that the statute only prescribes conditions on which it shall do so."

That case was followed by *Janesville v. Janesville Water Co.* 89 Wis. 159, 61 N. W. 770, where the court said:

"Appeals from orders and judgments, in the cases allowed by law, are a matter of right; and within the limitation that the appeal is taken and prosecuted in good faith, and that the party asking it gives the reasonable security required for that purpose, a stay of proceedings during the pendency of an appeal is quite of course, and really a matter of right, without which an appeal allowed by law would often prove fruitless and the appellate jurisdiction of the court be found inadequate to the ends of justice and the proper protection of the rights of parties during the pendency of the appeal."

The foregoing cases were cited with approval in *Milwaukee C. Co. v. Flagge*, 180 Wis. 274, 193 N. W. 69.

The defendant relies upon *Hill v. Gates County*, 112 Wis. 482, 88 N. W. 463, as modifying the rule here announced. The decision in that case is evidently sound as applied to the facts of that case, but that was an appeal from an intermediate order, which was covered by sec. 274.24, Stats., wherein it is expressly provided:

"No appeal from an intermediate order before judgment shall stay proceedings unless the court or the presiding judge thereof shall, in his discretion, so specially order."

The circuit judge in that case refused to grant the stay in his discretion, and the supreme court affirmed his decision.

In view of the well settled law of this state with reference to the procedure here involved, the relator is entitled to the writ of *mandamus* for which she prays.

The relator made her motion to have the court fix the bond for a stay of proceedings while the records in the case were still in the hands of the clerk of the circuit court, but it now appears that since the issuance of the alternative writ the records have been sent to the clerk of this court, on appeal, and are now in his possession.

*By the Court.*—Let the writ of *mandamus* issue as prayed for, and the clerk is directed to return the records on appeal to the circuit court, to be there held until the writ is complied with.