STATE EX REL. DEPARTMENT OF AGRICULTURE, Appellant, vs. MARRIOTT and others, Respondents. [Four cases.]

*June 20—June 24, 1940.*

For the appellant there was a brief by *R. M. Orchard* and *Gilbert F. Lappley,* attorneys, and *Fred.M. Wylie* of counsel, all of Madison, and oral argument by *Mr. Wylie* and *Mr. Lappley.*

*Jacob S. Rothstein* and *Nathaniel D. Rothstein,* both of Milwaukee, for the respondents.

PER CURIAM. This court is of the view that under sec. 274.23, Stats., the trial court was required to stay execution of the judgment pending the determination of the appeal upon the giving of the undertaking prescribed by the section; that when the undertaking is given, the judgment is stayed by virtue of sec. 274.30. *State ex rel. Boysa v. Fritz* (1927), 192 Wis. 358, 212 N. W. 655.

On behalf of the state it is argued that the last clause of sec. 274.23, Stats., "and to such further effect as such court or judge shall in discretion direct," confers upon the trial court or the judge thereof power to refuse a stay, or if the stay is not refused, to require the defendants to give an undertaking which shall be conditioned on the payment

by the defendants of all damages which may be sustained by third parties.

The trial court in this case did not order that the undertaking should be for the benefit of third parties nor does it appear that third parties will sustain special damage. In *Halsey, Stuart & Co. v. Public Service Comm.* (1933) 212 Wis. 184, 248 N. W. 458, a temporary injunction was continued upon the filing by the plaintiff of an undertaking of $100,000 for the payment of all damages and costs which the defendant might sustain by reason of the entry of the order and also for the payment of all damages which might be recovered by citizens of Wisconsin as a result of the sales by plaintiff during the time the order was in effect. In that case, the persons who might recover upon the undertaking were identified as being those persons to whom the plaintiff should sell securities in the meantime and the court directed the undertaking to be of "further effect." Here it appears that the defendants or some of them have been in business for a number of years. The damages which other dealers will sustain will be the loss of that part of the business done by the defendants which might come to them by reason of the defendants continuing to violate the statutes and orders of the department. It is considered that the trial court did not abuse its discretion in failing to require that the undertaking should provide for the recovery of such losses.

It is further contended that the stay granted by the circuit court is itself stayed under the provisions of sec. 274.26, Stats. That section provides:

"When the state, or any state officer, or state board, in a purely official capacity . . . shall take an appeal, service of the notice of appeal shall perfect the appeal and stay the execution or performance of the judgment or order appealed from, and no undertaking need be given. But the appellate court or tribunal may, on motion, require security to be

given in such form and manner as it shall prescribe as a condition of the further prosecution of the appeal."

In *Halsey, Stuart & Co. v. Public Service Comm., supra,* where the same contention was advanced, this court said (p. 191):

"It is clear to us that sec. 274.26 applies to all orders, directed at the state or any state officer, which are mandatory in character. It is our opinion, however, that an order which is prohibitive merely is not within the scope of sec. 274.26, which expressly deals with the circumstances under which 'the execution or performance of the judgment or order appealed from' should be stayed."

We have re-examined the question and the determination made in *Halsey, Stuart & Co. v. Public Service Comm., supra,* is approved. Here the state which appeals is not required by the order appealed from to execute or perform the order. Therefore its appeal from the order fixing the amount of the undertaking and providing for a stay does not affect the stay granted by the circuit court. It merely leaves the matter *in statu quo* until the determination of the appeal.

A consideration of those sections of the statutes relating to stay of orders and judgments indicates quite clearly that they were not framed with the idea that they would ever be applied to actions where the relief sought was the enforcement of a police regulation by the state or some of its agents. While that procedure was not unknown at the time of the adoption of these sections it was a very unusual procedure and resorted to only in very exceptional cases. If the state wishes to have its laws enforced by injunction during the period that the validity of the law is being determined, the statutes should be amended to make them applicable to such a situation. The amendment is a matter for the legislature and not for the courts.

The order appealed from in each case is affirmed.