CARPENTER BAKING COMPANY, Appellant, vs. BAKERY SALES DRIVERS LOCAL UNION No. 344 (A. F. of L.) and others, Respondents.

*January 20—February 5, 1941.*

For the appellant there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Martin R. Paulsen.*

For the respondents there was a brief by *Padway, Goldberg & Tarrell* of Milwaukee, and oral argument by *A. G. Goldberg.*

ROSENBERRY, C. J.    Upon this hearing we deal with nothing but the matter of stay of the judgment. What may be said in this opinion has no relation to a consideration of the merits of the action which are left for determination upon a future hearing.

In order to make the determination upon this hearing understandable it is necessary to make a brief statement of the facts. In the plaintiff's complaint it is alleged that the defendant labor unions are hostile to the employees of the plaintiff because they will not join the defendant unions; it is further alleged that the defendants have entered into a conspiracy contrary to sec. 343.681, Stats., to injure plaintiff's trade and business; that certain named defendants have followed the plaintiff's delivery trucks for the purpose of coercing and intimidating the drivers; that customers have refused to purchase plaintiff's products upon the request of the defendants; that the pursuit of plaintiff's trucks by the defendants have been of such a character as to create traffic hazards upon the streets of Milwaukee; that none of the defendants has been or is an employee of the plaintiff and there are sufficient allegations with respect to irreparable damage.

The defendants answered, denying the material allegations of the plaintiff's complaint, set out certain facts with relation to the domination of a certain union by the plaintiff; that the

controversy with respect to the proper bargaining unit had been submitted to the national labor relations board and attached a copy of the intermediate report and recommendations made by Gustave B. Erickson, trial examiner for the national labor relations board; and asked that the temporary injunction be vacated and the plaintiff's complaint dismissed.

The trial court made findings after the trial which in general are in accord with the allegations of the plaintiff's complaint and entered judgment as follows:

"It is hereby adjudged and decreed that the defendants and each of them, their officers, agents, servants and employees, be and they are hereby enjoined and restrained:

"(1) From adopting means and engaging in conduct intended and reasonably calculated to coerce and intimidate plaintiff's employees while performing their usual and ordinary services for the plaintiff.

"(2) From following plaintiff's employees and delivery trucks while said trucks are being used to deliver bakery products to plaintiff's customers.

"(3) From inciting or attempting to persuade persons not to deal with the plaintiff or the plaintiff's employees or with retail dealers offering plaintiff's products for sale.

"(4) From otherwise intentionally molesting, injuring or interfering with the plaintiff in its business."

It is not contended upon this hearing that the jurisdiction of the courts of Wisconsin are in any way affected by the proceeding before the national labor relations board. Apparently that was a proceeding to determine the proper bargaining unit and there is no controversy in this case with respect to that matter.

The first question that arises is the jurisdiction of this court to deal with the matter of a stay of the judgment pending the appeal. Ever since *Waterman v. Raymond* (1856), 5 Wis. 185, it has been consistently held that the supreme court has power to order a stay of proceedings in the court

below; that an appeal removes the subject matter thereof and all matters necessarily connected therewith to the supreme court and is thenceforth within its control. See *Northwestern Mut. Life Ins. Co. v. Park Hotel Co.* (1875) 37 Wis. 125, 133, and cases cited. The matter was again under consideration in *Jones v. Providence Washington Ins. Co.* (1912) 151 Wis. 274, 277, 138 N. W. 1005, where the court said:

"This court has acted generally upon the assumption that after jurisdiction had been fully obtained here by appeal from a final judgment the trial court could not take any action affecting in any way that judgment or the exclusive power of this court to deal therewith. . . . It has been recognized for many years that there is a qualified jurisdiction after appeal still remaining in the circuit court which may be called into activity by permission of this court."

See *State ex rel. Zabel v. Municipal Court* (1923), 179 Wis. 195, 190 N. W. 121, 191 N. W. 565.

Prior to the enactment of ch. 264, Laws of 1860, an appeal operated as a *supersedeas* and stayed the judgment. *Hudson v. Smith* (1859), 9 Wis. *122, *128. In that case the court said:

"It is undoubtedly competent for the legislature to prescribe as a condition of appeal, that a party shall give security, or that, unless he gives security, his appeal shall not stay proceedings."

Ch. 264, Laws of 1860, introduced appeals and contained a provision to the effect that an appeal should not stay the judgment unless security was given. It is quite probable that that chapter was passed in response to the suggestion of the court. The last clause of sec. 27, ch. 264, provided:

"If the judgment appealed from direct the doing of any other particular act or thing, and no express provision is made by this act in regard to the undertaking to be given on an appeal therefrom, the execution thereof shall not be stayed by an appeal therefrom, unless an undertaking be entered

into on the part of the appellant, in such sum as the court, or judge thereof, shall direct, and by at least two sureties, to the effect that the appellant will pay all damages which the opposite party may sustain, by the not doing the particular act or thing directed to be done by the judgment appealed from."

While the question was never presented to this court, it appears by the great weight of authority that a stay given in accordance with the provisions of this clause would have left a prohibitory judgment in effect. *Sixth Avenue R. R. Co. v. Gilbert E. R. R. Co.* (1877) 71 N. Y. 430. In that case the judgment, among other things, enjoined and restrained defendant from building its contemplated road upon Sixth avenue. The defendant appealed from the judgment and upon motion procured an order staying all proceedings on the part of plaintiff in execution of the judgment pending the appeal, upon execution of an undertaking for the payment of damages occasioned by the stay. It appeared that the defendant thereafter proceeded with the construction of the road. From an order of the general term vacating and setting aside the order to show cause, the plaintiff appealed. The court said (p. 432) :

"By the appeal [from the judgment], with a stay of proceedings on the part of the plaintiff in execution of the judgment, the judgment was not annulled, or its obligations upon the defendant impaired, but its 'execution' was stayed—that is, the plaintiff was prohibited from issuing process in execution of it. The order of the judge was in substantial compliance with the statute, and stayed 'all proceedings on the part of the plaintiff in execution of the judgment.' But this did not affect the validity or effect of the judgment pending the appeal, so far as it bore upon and restrained the action of the defendant, its servants or agents. It did not absolve them from the duty of obedience, and permit them to do that which the judgment absolutely prohibited, and the doing of which would, as adjudged by the court, cause irreparable mischief to the plaintiff, or an injury which could not cer-

tainly be compensated in damages. [Citing cases.] The statute does not, and the judge's order staying the plaintiff did not and could not, derogate from the efficiency of the judgment in its operation upon, and effectually restraining, all acts by the defendant in violation of its mandate. . . . This power is essential to the administration of justice, and to the respect which courts of justice have a right to demand from suitors. It would seem to be preposterous that a party could, by the mere order of the court staying his hands from executing a judgment not yet executed, be deprived of the whole fruit of the judgment by the lawless act of the defeated party pending an appeal, without remedy, that he must stand by and without possibility of redress, see the subject matter of the litigation destroyed, so that if he succeeds in affirming the judgment it will be a barren victory. . . .

"The judgment, so far as it enjoined the defendant, needed no execution. It acted directly without process upon the defendant, and the stay only operated to prevent the collection of the costs awarded."

This was undoubtedly the law as appears from decisions of the court in all jurisdictions where the question has arisen, including the federal courts. See cases cited, note, 93 A. L. R. 710.

The opposite rule prevails with respect to mandatory injunctions which are stayed by an undertaking on appeal. See cases cited, 93 A. L. R. 715.

A prohibitory injunction has been defined as one that operates to restrain the commission or continuance of an act and to prevent a threatened injury. *Wolf v. Gall* (1916), 174 Cal. 140, 162 Pac. 115.

A mandatory injunction on the other hand is one that goes beyond a mere restraint,—it commands acts to be done or undone; it compels the performance of some affirmative action. *Clute v. Superior Court* (1908), 155 Cal. 15, 99 Pac. 362, 132 Am. St. Rep. 54. See also cases cited 93 A. L. R. 718.

Under the law as it stood at the time of the enactment of ch. 264, Laws of 1860, an appeal from a judgment in an in-

junction case did not operate to suspend the judgment where the judgment was prohibitory. Sec. 27 of ch. 264 dealt with mandatory, not with prohibitory injunctions. This court followed this rule in a decision dealing with sec. 274.26, Stats., which provided that an appeal by the state should "stay the execution or performance of the judgment" appealed from without the giving of an undertaking. See *Halsey, Stuart & Co. v. Public Service Comm.* (1933) 212 Wis. 184, 248 N. W. 458.

The revisers of 1878 rewrote and made an addition to the last clause of sec. 27, ch. 264, Laws of 1860, which became sec. 3059, R. S. 1878. The revisers' note to sec. 3059 is as follows:

"Last part of sec. 27, ch. 264, Laws of 1860, verbally amended and adding authority to require such undertaking as the nature of the case may demand."

Sec. 3059, R. S. 1878, is as follows:

"If the judgment appealed from direct the doing of any other particular act or thing, and no express provision is made by statute in regard to the undertaking to be given on an appeal therefrom, the execution thereof shall not be stayed by an appeal therefrom, unless an undertaking be entered into on the part of the appellant, in such sum as the court, or the presiding judge thereof, shall direct, and by at least two sureties, to the effect that the appellant will pay all damages which the opposite party may have sustained by the not doing the particular act or thing directed to be done by the judgment appealed from, *and to such further effect as such court or judge shall in discretion direct.*"

The enactment of this section left appeals from prohibitory decrees in the same situation that they were in at common law. At common law an appeal did not operate to supersede or stay a strictly prohibitory decree or order unless the trial court directed otherwise. See cases cited 4 C. J. S. p. 1117, note 38. However, it is contended that the insertion of the words "or not doing" by the revision of 1898 brought pro-

hibitory injunctions within the terms of the statute. By that revision, sec. 3059 (now sec. 274.23, Stats.) read as follows:

"If the judgment appealed from direct the doing *or not doing* of any other particular act or thing, and no express provision is made by statute in regard to the undertaking to be given on appeal therefrom, the execution thereof shall not be stayed by an appeal therefrom unless an undertaking be entered into on the part of the appellant, in such sum as the court or the presiding judge thereof shall direct, and by at least two sureties, to the effect that the appellant will pay all damages which the ·opposite party may have sustained by the doing *or not doing* the particular act or thing directed to be done *or not done* by the judgment appealed from, and to such further effect as such court or judge shall in discretion direct."

The revisers of 1898 appended the following note to sec. 3059 of the revisers' bill: "The section as it stood did not cover preventive injunctions and it has been thought best to extend it." In the statutes of 1898, the following note is added to sec. 3059: "The last part of sec. 27, ch. 264, Laws of 1860, amended on suggestion of revisers of 1898, by adding the negative words."

In 1898, so far as we are able to discover in all jurisdictions with the exception of Florida, a stay of a prohibitory decree or judgment affected only the execution of so much of the judgment as awarded costs. The Florida supreme court in *Powell v. Florida Land & Imp. Co.* (1899) 41 Fla. 494, 495, 26 So. 700, said:

"If we considered the question an open one in this state, we should incline to the view maintained by most of the state appellate courts, as well as the supreme court of the United States, that a *supersedeas* does not suspend or affect the force and operation of a decree granting an injunction not mandatory in its character unless the *supersedeas* order be specially framed to accomplish that end."

The rule was subsequently changed by statute in Florida so as to conform the law of that state to the majority rule, the

statute providing that a *supersedeas* on appeal from a decree granting an injunction shall not have the effect of suspending the injunction unless the supreme court or justice thereof shall make an order for a suspension of the order appealed from during the pendency of the appeal. *Johnson v. Turner* (1902), 44 Fla. 244, 33 So. 238.

The revisers of 1898 were able and distinguished lawyers and must have given careful consideration to so important a matter as the staying of a prohibitory injunction. Much importance is to be attached to the language of sec. 274.23, Stats.:

"If the judgment appealed from direct the doing or not doing of any other particular act or thing, and no express provision is made by statute in regard to the undertaking to be given on appeal therefrom, *the execution thereof shall not be stayed by an appeal*," etc.

If it had been the intent of the revisers of 1898 to do more than to provide for a stay of execution for costs and so divest a court of equity of the power to preserve the subject matter of the litigation and to maintain the *status quo,* they would have made that intention clear. In reporting the bill to the legislature the revisers, among other things, said:

"It has been sought to lessen the labor which attends an examination and comparison of the bill with the sources from whence its various sections are drawn by indicating changes of substance (which means all changes except such as are verbal and made either for the purpose of improving or condensing the language), by inclosing the words which made such change in heavy brackets."

The negative words inserted were inclosed in brackets.

It is quite evident that it was the intention and purpose of the revisers to make the provisions of sec. 3059, Stats., conform to existing law. Under that law a *supersedeas* did not suspend the operation of a prohibitory decree but merely stayed the execution of so much of the judgment as awarded costs.

As was pointed out in *Sixth Avenue R. R. Co. v. Gilbert E. R. R. Co., supra,* a mere stay or *supersedeas* did not derogate from the efficiency of the judgment in its operation upon, and effectually restraining, all acts by the defendant in violation of the mandate.

A consideration of the adjudicated cases and a history of sec. 274.23, Stats., leads us to the conclusion that the stay provided for by sec. 274.23 stays nothing but the execution of the judgment and the only execution possible of a prohibitory judgment is of that part which awards costs. The power of the court to attach other conditions to the granting of a stay is to be found in the clause added by the revisers of 1878, which provided that the undertaking may be "to such further effect as such court or judge shall in discretion direct," and in the common law. At this point it may be said that so far as applicable this clause confers upon trial courts broad equitable powers to preserve the subject matter of the litigation and to maintain the *status quo* of the subject matter involved in mandatory judgments. A judgment which is strictly prohibitory may be wholly or conditionally stayed in the discretion of the trial court by special order to that effect. At common law the trial court had power in its discretion to stay the prohibitory part of a judgment wholly or upon condition. That power has not been withdrawn or limited by statute. The statute provides for a stay of "execution of judgments," etc. The prohibitory part of an injunction cannot be executed. See 4 C. J. S. p. 1117, § 632, note 38.

While there is no contradiction in terms in most cases of a prohibitory injunction, to grant a stay of the restraining part of the judgment pending appeal is in substance contradictory. The very issue tried before the decree is entered is whether the defendant should be restrained. The court may restrain the defendant during the pendency of the action. If after the decree is entered the defendant can suspend the judgment by merely filing an undertaking, the whole equity jurisdiction of the court is put in abeyance pending the appeal and the court

is divested of the power to maintain the *status quo* and to preserve the subject matter of the litigation. This is a most absurd and unreasonable result. It in effect, pending the appeal, makes the unsuccessful party the victor.

There is no evidence that either the revisers or the legislature that enacted the statutes of 1898 intended any such unreasonable result. All additions to the statute since the enactment of ch. 264, Laws of 1860, have been to increase rather than diminish the power of the court for the very purpose of enabling the court to do justice in the cases before it.

It was held in the case of *State ex rel. Boysa v. Fritz* (1927), 192 Wis. 358, 212 N. W. 655, that under the provisions of sec. 274.23, Stats., it was the duty of the trial court to grant a stay. There was no discussion in the opinion with reference to the distinction between prohibitory and mandatory injunctions and it was assumed that the appellant was entitled to a stay. While the injunction in that case was prohibitory in form it was mandatory in substance in that the effect of it was to require the plaintiff to remove her property from the premises where she had customarily stored it. In that case the trial court refused a stay but it might in granting the stay have required the plaintiff to comply with proper conditions pending the appeal. While parties are entitled to a stay in a proper case they are not entitled to an unconditional stay in every case; whether the stay shall be absolute or conditional is a matter that is within the discretion of the trial court.

In *State ex rel. Department of Agriculture v. Marriott* (1940), 235 Wis. 468, 293 N. W. 154, it was contended that the trial court as a condition of staying the judgment should have required the defendants to give a bond for the benefit of third parties. There is language in the opinion from which an inference may be drawn that the defendant was entitled to an unconditional stay as a matter of right. Apparently the trial court so concluded. To that extent that case is now overruled.

It was further contended that the defendant should be required to give an undertaking for the benefit of third parties who might sustain injuries by reason of the defendant conducting his business during the pendency of the appeal. It was held that a trial court was not in error in refusing to require the defendants to give such an undertaking.

Our conclusion that an undertaking on appeal or *supersedeas* does not operate to suspend a prohibitory judgment is further supported by the great weight of authority in jurisdictions where the questions have arisen, to the effect that jurisdiction to punish for disobedience of the judgment pending the appeal is in the trial court and not in the appellate court. *Marien v. Evangelical Creed Congregation* (1909), 140 Wis. 31, 121 N. W. 604. See *Alfred v. Alfred* (1914), 87 Vt. 542, 90 Atl. 580; *Wolf v. Gall* (1916), 174 Cal. 140, 162 Pac. 115; *Menuez v. Grimes Candy Co.* (1907) 77 Ohio St. 386, 83 N. E. 82, 11 Ann. Cas. 1037; *Sixth Ave. R. R. Co. v. Gilbert E. R. R. Co., supra; Merrimack River Sav. Bank v. Clay Center* (1911), 219 U. S. 527, 31 Sup. Ct. 295, 55 L. Ed. 320, Ann. Cas. 1912 A, 513.

It is considered that that part of a judgment which is prohibitory in character remains in force and is not stayed by the giving of an undertaking on appeal unless the order of the trial court specially so provides in which case it will be stayed accordingly; that the jurisdiction to punish as for contempt disobedience of such part of a prohibitory judgment not stayed remains with the trial court pending the appeal.

In the order granting the stay appears the following recital:

"Having concluded that under the decisions of the supreme court of the state of Wisconsin the court has no discretion but is required as a matter of law to stay the execution of said judgment. . . .

"It is hereby ordered that the execution of said judgment be stayed upon the following terms and conditions."

The conditions were that the defendant should give a bond in the sum of $2,500,—

"to the effect that defendants will pay all damages which plaintiff may have sustained as a result of the failure of the defendants to comply with the judgment of the court."

It was further provided that the defendants should perfect their appeal within five days and that settlement of the bill of exceptions might be brought on for hearing before the court or the presiding judge upon twenty-four hours' notice. The defendants complied with the order of the court. The amount of the bond fixed by the court as well as the language of the conditions indicates that it was intended to do more than to stay so much of the judgment as awarded costs. It is also clear that the trial court attached no other further conditions because it was of the opinion that it was without power to do so because it had no discretion in the matter. We now hold this to be error. But we have no indication as to what the trial court would have done in the exercise of its discretion had it been of the opinion that it might condition the stay. While this court undoubtedly has power to deal with the matter, it is not possessed of the knowledge of the facts and circumstances of the case which the trial court has. For that reason it is considered that the order granting the stay should be reversed and the matter remanded to the trial court for the exercise of its discretion in the matter. This seems necessary in view of the rather broad language of the judgment and the possible construction which might be placed upon it. It is within the province of the trial court to determine to what extent, if at all, the defendants may continue their efforts to persuade plaintiff's truck drivers to join the unions pending the appeal; to determine to what extent, if at all, the defendants may interfere with the conduct of plaintiff's business by attempting to persuade persons not to deal with the plaintiff or their employees while the plaintiff's employees are in the discharge of their duties owing to the plaintiff pending the appeal. It is within the province of the trial court in order to promote justice to prescribe in detail the extent of the restraint under which the defendants shall labor during the pendency of the appeal, or if the trial court is of the view

that the prohibitory part of the judgment should be absolutely stayed and the defendants permitted to continue the doing of the things from which the judgment restrains them, the trial court may so determine or it may determine that the defendants shall obey the mandates of the judgment as they stand without conditions. We have enumerated these particulars in order to make it clear that the whole matter is within the discretion of the trial court.

As a further illustration of a proper exercise of this power, reference is made to the order granting a stay on application to the trial court (printed in the margin)[1] in *Hotel & R.E.I. Alliance v. Wis. E. R. Board* (1940), 236 Wis. 329, 294 N. W. 632, 295 N. W. 634.

---

[1] "It is ordered that petitioners' said motion for stay be and the same hereby is denied as to 'cease and desist' orders of said Wisconsin Labor Relations Board lettered (b) and (c) and reading as follows:

"(b) Attempting to hinder or prevent by threats, intimidation, force or coercion of any kind, the pursuit of lawful work by employees of the Plankinton House Company;

"(c) Boycotting in any way the Plankinton House Company.

"It is further ordered that petitioners' said motion for stay be and the same hereby is denied as to 'cease and desist' order of said board lettered (a) and reading as follows:

"(a) Engaging in, promoting or inducing picketing at or near the Plankinton House or the Kilbourn Hotel, provided, however, and subject only to the permissive provision and conditions following, to wit:

"(1) That pending the determination of their intended appeal and subject to any further or other orders of this court as hereinafter stated, said petitioners may between the hours of 7 and 8 o'clock a. m., 11:45 a. m. and 1:45 o'clock p. m. and 6 and 7:30 o'clock p. m. on days other than Sunday conduct fair and truthful advertising within the outer or curb side, one third of the public streets in front of the hotel buildings of the Plankinton House or Kilbourn Hotel, but not in any adjoining alleys or passageways.

"(2) Such advertising shall not mention any alleged labor dispute or controversy as existing between employees or either of said employers, or any alleged unfairness of conduct of the latter, and shall only be conducted by means of not more than two persons on each side of the hotel each carrying or displaying a truthful banner or sign and passing and repassing along the full length of the front sides of said hotels (the entire Michigan side of the Plankinton House to be deemed one front or side).

"(3) The announcements upon said banners or signs shall not be added to by any oral statements or arguments and in any event without the use of any molesting, offensive or provocative language

It is not necessary to remand to the trial court any part of the record except that specifically relating to the order granting the stay, this for the reason that with the reversal of order the judgment of the circuit court remains in force and the trial court has jurisdiction of that part of the judgment because that part has not been stayed and is still operative.

*By the Court.*—The order of the court dated January 3, 1941, staying the execution of the judgment herein is reversed, and the matter remanded forthwith to the trial court for further proceedings as indicated in this opinion.

It is further ordered that the principal case, pursuant to the stipulation of the parties, be placed on the January calendar and set down for argument on the merits on the March assignment.

The parties are further advised that if they so agree they may submit the matter upon briefs to be filed on or before March 1, 1941, whereupon the court will proceed with the disposition of the case upon the merits.

---

or such as may have a tendency to cause or stir up disputes or breaches of the peace.

"(4) Such advertising shall be conducted without intimidation or coercion or any method involving fraud, misstatement of fact, violence, breach of the peace, or threat thereof and without impeding, or interfering with, the free use by others of the streets or highways or of the doors, entrances or exits of said hotels, and without hindering, or interfering with the loading or unloading of any baggage, merchandise or articles of any kind at any door, entrance or platform of either of said hotels.

"(5) This court reserves jurisdiction and power to terminate the foregoing provisions or conditions in the event of any noncompliance or violation thereof.

"(6) Said petitioners shall furnish an undertaking to be approved by the court and to be in the sum of one thousand ($1,000) dollars for the payment of all damages as provided in section 274.23, Wisconsin Statutes.

"(7) Said petitioners will serve and perfect their said appeal and prosecute the same with all reasonable speed and in accordance with the rules and directions of the supreme court of Wisconsin.

"It is further ordered that said motion for stay as to directions to take affirmative action (order 2 of the board) be and the same hereby is denied except that the direction therein with respect of picketing be modified or qualified to permit said petitioners to conduct fair and truthful advertising in the manner and subject to the conditions hereinbefore set forth."