WISCONSIN MARINE & FIRE INSURANCE Co. BANK, Appellant, vs. DURNER and another, Respondents.

*April 22—May 13, 1902.*

*Injunction: Dissolution: Damages: Appealable order: Attorneys' fees.*

1. An order confirming the report of the referee appointed, after the dismissal of an action, to ascertain the damages sustained by reason of an injunction, is a "final order affecting a substantial right made in special proceedings," and is appealable under subd. 2, sec. 3069, Stats. 1898.
2. The damages sustained by reason of an injunction properly include attorneys' fees for services rendered in procuring the dissolution of the injunction, and also for services upon the reference to ascertain damages.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

It appears from the record that April 4, 1899, the Wisconsin Trust Company, as administrator of the estate of Julius Luebke, deceased, recovered judgment in the circuit court for Milwaukee county against this plaintiff for $40,657.67, which judgment was affirmed on appeal to this court. 105 Wis. 464, 469, 81 N. W. 642. Thereupon the Wisconsin Trust Company resigned as such administrator, and the defendant *Emma J. Luebke,* the widow of the deceased, was appointed administratrix in its stead, and she thereupon issued execution to collect the amount of the judgment. April 4, 1900, the plaintiff herein commenced this action against *George Durner* as sheriff and *Emma J. Luebke* as administratrix of such estate, to restrain them from enforcing such execution. To obtain such injunction, an undertaking was given on the part of the plaintiff, reciting the facts mentioned, and signed by Thomas J. Durnin and Alfred James, wherein they thereby undertook that the plaintiff, the *Wisconsin Marine & Fire Insurance Company Bank,* would pay to the parties enjoined "such damage, not exceed-

ing the sum of $500, as they or either of them may sustain
by reason of such injunction, if the court shall finally decide
that the plaintiff is not entitled thereto, and such damages
may be ascertained by reference or otherwise, as the court
shall direct." Thereupon, and on April 4, 1900, upon the
verified complaint in this action and such undertaking, an
order was obtained from a court commissioner restraining
the defendant *George Durner,* as sheriff, and his deputies
and employees, and the defendant *Emma J. Luebke,* and
each of them, until the further order or judgment of the
court, from proceeding in any way or manner to enforce such
execution out of the property of the plaintiff.

Thereupon *George Durner* and *Emma J. Luebke,* respect-
ively, answered the complaint herein upon the merits, and
obtained an order to show cause why such injunctional order
should not be vacated and dissolved. That motion was heard
"upon the records, pleadings, and papers theretofore served
and on file," and an affidavit on file in behalf of the plaintiff,
and it was ordered by the circuit court, May 19, 1900, that
such injunctional order be, and the same was thereby, set
aside and dissolved, with $10 costs against the plaintiff, and
in favor of the defendants.

The cause having been brought to trial upon the merits,
January 16, 1901, and the circuit court having granted the
motion of the plaintiff to dismiss the complaint herein, there-
upon directed judgment to be entered in favor of the defend-
ants dismissing the plaintiff's complaint, with costs; and it
was thereupon adjudged that the complaint in this action be
dismissed, and that the defendants recover of the plaintiff
$32.70 taxed as costs and disbursements, and have execu-
tion therefor; and such judgment was duly docketed in the
clerk's office February 14, 1901.

February 18, 1901, the circuit court, on its own motion,
ordered that a compulsory reference be, and the same was
thereby, made to John F. Harper, circuit court commis-

sioner, "to ascertain and determine the damages sustained by the said defendants, or either of them, by reason of the said injunctional order herein, and report the same" to the circuit court. June 25, 1901, Harper, as referee, made and filed his report, to the effect that an allowance should be made to the defendants for the services of attorneys employed by them in procuring the dissolution of such injunctional order, and that the reasonable value of such services, for which the defendants were liable, amounted to $300, and that the reasonable value of the services of counsel for the defendants upon such reference should be allowed as part of the damages recoverable upon such undertaking, and that the same amounted to $25, and that he therefore found and reported to the court that such damages be and thereby were allowed by reason of the dissolution of the injunction upon the undertaking given in procuring the same, and should be and are $325. Upon the hearing of an order to show cause to the contrary, made June 27, 1901, the circuit court, on July 6, 1901, after hearing the attorneys for the respective parties, "ordered that said report of the referee, fixing the damages sustained by the plaintiff under the undertaking, by reason of the injunction issued herein, at the sum of three hundred and twenty-five dollars, be, and the same hereby is, in all respects ratified and confirmed." From that order the plaintiff appeals.

The cause was submitted for the appellant on the briefs of *Fish, Cary, Upham & Black.* They cited, besides cases cited in the opinion, *Wisecarver v. Wisecarver,* 97 Va. 452, 34 S. E. 56; *Stringfield v. Hirsch,* 94 Tenn. 425, 29 S. W. 609; *Oliphint v. Mansfield,* 36 Ark. 191, 195; *Sensenig v. Parry,* 113 Pa. St. 115, 5 Atl. 11; *Wood v. State,* 66 Md. 61, 5 Atl. 476; *Galveston, H. & S. A. R. Co. v. Ware,* 74 Tex. 47, 11 S. W. 918; *Jones v. Rosedale St. R. Co.* 75 Tex. 382, 12 S. W. 998; *Canadian & A. M. & T. Co. v. Fitzpatrick,* 71 Miss. 347, 16 So. 877; *New Nat. Turnpike Co. v. Dulaney,*

86 Ky. 516, 6 S. W. 590; *Bennett v. Lambert,* 100 Ky. 737, 39 S. W. 419; *Williams v. Allen* (Ky.) 54 S. W. 720; *Barrett v. Bowers,* 87 Me. 185, 32 Atl. 871; *Noble v. Arnold,* 23 Ohio St. 264; *Riddle v. Cheadle,* 25 Ohio St. 278; *Carnes v. Heimrod,* 45 Neb. 364, 63 N. W. 809.

For the respondents there was a brief by *Miller, Noyes & Miller,* and oral argument by *A. W. Fairchild.*

CASSODAY, C. J.   The terms of the undertaking in question are, in substance, the same as prescribed by the statute, which declares "that the plaintiff will pay to the parties enjoined such damages, not exceeding an amount to be specified, as he may sustain by reason of the injunction, if the court shall finally decide that the plaintiff was not entitled thereto.   The damages may be ascertained by a reference or otherwise, as the court shall direct." Sec. 2778, Stats. 1898. This language was taken literally from sec. 222 of the New York Code.   Here the court directed that such damages should be ascertained by such reference.   This is in accordance with the established practice in this state.   Thus, it has been repeatedly held that, "where a preliminary injunction was improperly granted, the party enjoined, after a judgment on the merits in his favor, may have a reference to assess his damages sustained by reason of such injunction." *Parish v. Reeve,* 63 Wis. 315, 322, 323, 23 N. W. 568; *Kane v. Casgrain,* 69 Wis. 430, 34 N. W. 241; *Avery v. Ryan,* 74 Wis. 591, 43 N. W. 317; *Independent Order of Foresters v. United Order of Foresters,* 94 Wis. 241, 242, 68 N. W. 1011.   In establishing such practice, this court simply followed the rulings of the New York courts under their statute, from which ours was borrowed.   Among the cases in that state in support of that practice are *Methodist Churches v. Barker,* 18 N. Y. 463; *Jordon v. Valkenning,* 72 N. Y. 300; *Pacific M. S. Co. v. Toel,* 85 N. Y. 646.   The order of reference was not made until some time after the trial court

had finally decided that the plaintiff was not entitled to the injunction, and had dismissed the action. The referee only allowed damages for procuring the dissolution of the injunction, and the order confirming the same is correspondingly limited.

1. It is claimed that the order is not appealable. In view of the language of the statute quoted, and the fact that the court directed the reference after the action had been dismissed, the order comes directly within the language of the statute, which authorizes an appeal to this court from "a final order affecting a substantial right made in special proceedings." Subd. 2, sec. 3069, Stats. 1898; *Rose v. Post,* 56 N. Y. 603; *Newton v. Russell,* 87 N. Y. 532. We must hold that the order is appealable.

2. The plaintiff contends that the trial court improperly allowed counsel fees to be recovered as damages. In the case from New York court of appeals, just cited, as here:

"The referee allowed counsel fees for services rendered on the motion to dissolve the injunction, *and also on the reference.* These were the items questioned. *Held,* that the law upon this question has been too long and well settled to admit of doubt as to the propriety of the allowance." *Rose v. Post,* 56 N. Y. 603.

This was simply following the rule which had long been maintained in the courts of that state. *Edwards v. Bodine,* 11 Paige, 223; *Aldrich v. Reynolds,* 1 Barb. Ch. 613; *Corcoran v. Judson,* 24 N. Y. 106; *Andrews v. Glenville W. Co.* 50 N. Y. 282; *Newton v. Russell,* 87 N. Y. 531. Such rule seems to be regarded as having the support of the great weight of authority, even in states holding otherwise. *Stringfield v. Hirsch,* 94 Tenn. 425, 430, 29 S. W. 609, citing High, Inj. § 1685. Counsel for the plaintiff concede that a number of states, and perhaps most of the states, as claimed by counsel for the defendants, have followed the rule thus long ago established in New York; but they contend that

"the safer and better rule, and more consistent with the policy of the law of this state," is that which is maintained in the federal courts, where such counsel fees are not allowed,—citing *Arcambel v. Wiseman,* 3 Dall. 306; *Oelrichs v. Spain,* 15 Wall. 211. See, also, *Tullock v. Mulvane,* 184 U. S. 497, 22 Sup. Ct. 372; *Missouri, K. & T. R. Co. v. Elliott,* 22 Sup. Ct. 446, 450. It is true, as stated by counsel for the plaintiff, that the first of these cases was followed in *Gear v. Shaw,* 1 Pin. 608, 615. But that decision was made in 1846, by the territorial court, which, of course, was bound to follow the supreme court of the United States upon the question. Besides, that decision was made long before the adoption of the statute from New York, above quoted. So far as this court has spoken upon the construction to be given to that statute, it has been in harmony with the New York adjudications. We feel constrained to follow the well-established rule in New York from which we borrowed the statute under which the question arises.

*By the Court.*—The order of the circuit court is affirmed.