[No. 2252.]

## CHURCH ET AL. v. BAKER ET AL.

**Injunction—Action Upon Bond—Attorneys' Fees.**

Where an injunction was merely ancillary to the principal relief demanded in the action and a demurrer to the complaint and motion to dissolve the injunction were filed at same time and upon hearing the demurrer was sustained and the injunction dissolved, in an action upon the injunction bond to recover attorneys' fees in the matter of dissolving the injunction the plaintiff is entitled to recover only the value of the attorneys' services rendered in securing the dissolution of the injunction and not for any services rendered in the preparation and, trial of the main case and, where the evidence was only as to the value of the entire services rendered in the case without any attempt to

24

show what part was properly chargeable for services in secur-
ing the dissolution, the plaintiff was not entitled to recover.

*Appeal from the District Court of Arapahoe County.*

Mr. T. J. O'Donnell and Mr. Milton Smith,
for appellants.

Messrs. Rogers, Cuthbert & Ellis, for ap-
pellees.

Mr. Pierpont Fuller, of counsel.

Wilson, P. J.

This is an action to recover upon an injunction
bond. John B. Church, one of appellants, com-
menced suit against the appellees to secure an ac-
counting, and also praying an injunction restraining
defendants from doing and performing certain acts
and things in the bill mentioned. The injunction
was granted upon the execution by plaintiff
Church of a bond, with William Church as
surety. Thereafter the defendants appeared and
filed at the same time a demurrer to the complaint
on the ground that it did not state facts sufficient to
constitute a cause of action, and also a motion to dis-
solve the injunction. Upon hearing, the demurrer
was sustained, and the injunction thereupon dis-
solved. Soon thereafter, the defendants brought suit
upon the injunction bond to recover the sum of
$250.00 alleged to have been expended by them in the
matter of the dissolution of the injunction. Upon
final hearing of this suit, the defendants therein, the
makers of the injunction bond, prevailed, the court
directing a verdict in their favor. The main action
continued to be prosecuted, and after its final deter-
mination, the defendants therein, Baker and Felt,
again instituted suit to recover on the injunction
bond, the sole damages claimed being, as in the
former suit, on account of the payment by them of the

sum of $250.00 for attorneys' fees, in the matter of dissolving the injunction. The defendants pleaded *res adjudicata,* claiming that the former suit, in which the court had directed a verdict for defendants, was upon the same cause of action, and that the trial thereof was upon the merits. The plaintiffs in this suit disputed this, and claimed that the former suit was decided against them on the sole ground that the main action, in which the injunction had been issued, was still pending and undetermined at that time. In the view which we take of this case, we think it entirely unnecessary to go into or pass upon this question. In our opinion, upon the authority of *Tabor v. Clark,* 15 Colo. 435, the judgment in this action cannot be upheld.

It seems clear to us that the injunction here was simply ancillary to the principal relief claimed. The main purpose and object of the suit was to secure an accounting, and this was ultimately had. Plaintiffs were entitled to recover the value of the attorneys' services in the matter of securing the dissolution of the injunction, and in that matter alone. The parties to the bond could not be held for the value of any legal services rendered in the preparation and trial of the main case. The only evidence given in reference to the character of the legal services rendered was that of the attorney who rendered them, and is undisputed. We make the following excerpt from his evidence, as set forth in the abstract:

"The $250.00 covers the total amount they paid us for services in the cause up to the time the injunction was dissolved. The question involved upon the hearing upon which that injunction was dissolved, was whether the facts set forth in the bill showed that the plaintiff was entitled to recover at all against the defendants, and it covered every allegation in the

complaint, and necessitated an examination, presentation and argument of a number of different questions; the motion to dissolve the injunction and demurrer were all argued together.'' The injunction was dissolved because the demurrer to the complaint was sustained, and this demurrer was addressed to the main case involving the question as to whether plaintiff was entitled to recover at all against the defendants. It would appear from this testimony that the services were rendered in the main case, and hence plaintiffs would not be entitled to recover upon the injunction bond. In any event, however, even if some part of the services can be said to have been rendered in support of the motion to dissolve the injunction, and to be properly chargeable therefor, there was no attempt to apportion the value of the services, that it might be determined what portion were chargeable against the services in support of the demurrer, being in the main case, and what portion were chargeable against the motion to dissolve. The amount sought to be recovered in this suit was the entire amount paid to and received by the attorneys, both for services in support of the demurrer, and of the motion to dissolve the injunction. Hence, upon the case as presented, the plaintiffs were not in either event, upon the authority of the case cited, entitled to recover.

For these reasons, the judgment will be reversed.

*Reversed.*