[No. 5339.]
[No. 2985 C. A.]

## WILLIAMS, EXR., v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

**Wills—Contest—Unsuccessful Appeal—Liability for Attorney's Fees.**

A bond, given on appeal from a county court judgment adverse to contestants in a will contest, conditioned that contestants "shall abide, fulfill and perform whatever judgment may be rendered against them in said district court, and shall pay all damages which the executor may sustain by reason of such appeal and the delay incident thereto, and shall pay all costs," does not authorize a recovery of attorney's fees paid by the executor in successfully resisting the appeal.—P. 120.

*Error to the District Court of the City and
County of Denver.*

*Hon. John I. Mullins, Judge.*

Action by Frederick A. Williams, executor of
the estate of Caroline M. Rice, deceased, against the
Fidelity & Deposit Company of Maryland. There
was a judgment for defendant, and plaintiff brings
error.                  •                  *Affirmed.*

Mr. F. A. WILLIAMS, *pro se.*

Mr. GUY LeR. STEVICK, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of
the court:

Action on an appeal bond. The plaintiff in error
Williams is executor of the last will and testament
of Caroline M. Rice, deceased. The will was con-
tested in the county court of Arapahoe county by
Edward E. Rice and Caroline E. Rice, and there sus-
tained and admitted to probate. The contestants
perfected an appeal to the district court, and gave an
appeal bond signed by defendant in error as surety,
which bond was conditioned that contestants "shall
abide, fulfill and perform whatever judgment may be
rendered against them in said district court, and
shall pay all damages which the said Frederick A.
Williams, * * * executor as aforesaid, may sus-
tain by reason of such appeal and the delay incident
thereto, and shall pay all costs."

On trial *de novo* in the district court, the will
was again sustained and admitted to probate, where-
upon the executor Williams brought this action
against defendant in error, surety on the appeal bond,
to recover the sum of $500 which he had paid as at-
torneys' fees in the district court on the appeal. The
judgment was for defendant, and plaintiff sued out
this writ of error.

Counsel are agreed that at common law attorneys' fees paid in resisting an unsuccessful appeal could not be recovered as damages on the appeal bond. Plaintiff in error admits that, in the absence of a statute or contract so providing, they are not now recoverable in this state, but his contention is that the condition in this bond provides for them. He says that in the highest courts of most of the states of the Union, though not in the federal courts, attorneys' fees disbursed in securing the dissolution of a writ of attachment or injunction may be recovered in an action on the bond as a part of the legal damages sustained by the wrongful issuing of the writ when the condition of the bond, on which it was based, provides for the recovery of "damages."

This court, and our court of appeals, have so held in actions on injunction bonds: *Belmont M. Co. v. Costigan*, 21 Colo. 465; *Church v. Baker*, 18 Colo. App. 369; and possibly the same rule would be followed in actions upon attachment bonds. The tendency of the courts is not to extend the meaning of "damages" to include such elements as attorneys' fees. The reason usually given for awarding as damages counsel fees incurred for services rendered in dissolving injunctions and writs of attachment is that they are provisional or extraordinary remedies, ancillary to the main purpose of the suit, and as the granting of the writ secures to the applicant some privilege or right not incident to ordinary remedies, it is but reasonable to hold that "damages," as used in the bond upon which the granting of the writ is conditioned, embraces attorneys' fees.

But this reason does not apply to appeal or supersedeas bonds in ordinary civil actions or will contests, and we are not inclined to extend to actions thereon the doctrine pertinent to injunction and attachment bonds, and allow, as part of the legal dam-

ages, attorneys' fees which the obligee in the former kind of security has paid in resisting an unsuccessful appeal or writ of error.   While this point has not hitherto been expressly ruled in this state, it is in line with the reasoning and intimation of several of the decisions of this court and our court of appeals.— *Tabor v. Clark,* 15 Colo. 435; *Joslin v. Teats,* 5 Colo. App. 531, 534; *Spencer v. Murphy,* 6 Colo. App. 453.

So far as we are advised, only the supreme court of Alabama adheres to a different doctrine.   While the decisions of that eminent court are entitled to great respect, we think the weight of authority, as well as reason, is in favor of the conclusion which we have reached.   The authorities are collated in 2 Cyc. 958 and 1 Enc. Pl. & Pr. 1015.

The determination of the other points raised by plaintiff in error not being necessary to a determination of this writ, they have not been considered. The judgment is affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.