CONTINENTAL SECURITIES COMPANY and CLARENCE H. VENNER, as Stockholders of the New York Central and Hudson River Railroad Company, in Behalf of Themselves and All Other Stockholders Similarly Situated, Appellants, and AMERICAN SURETY COMPANY OF NEW YORK, Surety on Injunction Bond, Appellants, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Successor to the New York Central and Hudson River Railroad Company, and Others, Respondents.

Second Department, July 31, 1917.

**Costs and fees — suit by stockholders of corporation to enjoin exchange of securities — reference to ascertain injunction damages — allowances reduced.**

In a suit by the stockholders of the New York Central Railroad Company to enjoin an exchange by said company of three and one-half per cent bonds issued for Lake Shore stock and known as " Lake Shore Collaterals " for new bonds at four per cent to be issued, on the ground that the corporation was paying such bondholders half of one per cent interest in excess of the railroad's legal obligation, in violation of section 141 of the Railroad Law and section 55 of the Public Service Commissions Law, an injunction was granted, the plaintiffs giving an injunction bond. Upon the trial of the case a judgment of dismissal was rendered which was subsequently affirmed both by the Appellate Division and the Court of Appeals, the injunction being continued until the final result.

On appeal from an order confirming the report of a referee appointed to assess injunction damages for counsel fees, legal expenses, etc., evidence examined and *held*, that said order should be modified so as to reduce the damages in certain particulars.

APPEAL by the plaintiffs, Continental Securities Company and another, and by American Surety Company, surety on their bond, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 23d day of March, 1917, confirming the report of a referee appointed to assess injunction damages for counsel fees, legal expenses, etc.

*Elijah N. Zoline,* for the appellants.

*Alexander S. Lyman,* for the respondents The New York Central Railroad Company and William K. Vanderbilt and others, directors.

*Charles J. Fay*, for the respondent Bankers Trust Company.

*Frederick L. Allen* [*Murray Downs* with him on the brief], for the respondent The Mutual Life Insurance Company of New York.

*Russel S. Coutant*, for the respondents J. P. Morgan & Company and others.

Putnam, J.:

When the New York Central began to carry out its plans of consolidation with the Lake Shore, one of the preliminaries was an exchange of three and one-half per cent bonds issued in 1898 for Lake Shore stock, and known as " Lake Shore Collaterals," for new bonds at four per cent to be issued. The plaintiffs as stockholders sought to enjoin this exchange, on the chief ground that the corporation was paying such bondholders half of one per cent interest in excess of the railroad's legal obligation, and was against section 141 of the Railroad Law (Consol. Laws, chap. 49; Laws of 1910, chap. 481) and section 55 of the Public Service Commissions Law (Consol. Laws, chap. 48; Laws of 1910, chap. 480). Accordingly, plaintiffs began this proceeding to enjoin such exchange of bonds. They joined as defendants the individual directors, Morgan & Company as fiscal agents, and the Bankers Trust Company and the Mutual Life Insurance Company of New York, the last two as prominent holders of such " Lake Shore Collaterals." They also named John Doe and Richard Roe to cover others whom it might be intended to be joined as defendants. Notice of application for this injunction was served on December 16, 1914. The Special Term, after hearing, granted the injunction by order of December twenty-ninth, upon terms that plaintiffs give an injunction bond for $50,000. The cause was tried in January, 1915, and in February a judgment of dismissal rendered. The injunction, however, was continued until the result of the appeal to this court. Affirmances followed (168 App. Div. 345; 217 N. Y. 119). This validated the retirement of three and one-half per cent bonds and the new issue of four per cent bonds. On motion by defendants the question of injunction damages was referred. The referee's report was

confirmed at Special Term without modification. Each defendant appearing by separate attorney had a separate bill of costs.

The learned referee found such damages with the expenses and counsel fees on the reference at $37,681.67, of which sum $27,614.78 is for defendants' counsel fees and for legal expenses in procuring the dissolution of the injunction and upon the argument of the appeal to this court. In the bills of particulars of the defendants, damages are claimed and charges are included for services before the injunction as well as in course of the general conduct of the defense.

The plaintiffs sued nine individuals who were also directors of the defendant railroad company, for whom one joint answer was interposed. The referee's allowance of $15,000 as counsel fee for such defendants is excessive, and is accordingly reduced to $2,500, which said sum of $2,500 as counsel fee has been allowed to the defendants J. P. Morgan & Company, and to the Bankers Trust Company. The counsel fees are, therefore, as follows:

| | |
|---|---|
| To the New York Central Railroad Company, for counsel fees as allowed...................... | $5,800 |
| To the individual directors sued, as reduced..... | 2,500 |
| To the Bankers Trust Company, as reduced..... | 2,500 |
| To J. P. Morgan & Company, as allowed....... | 2,500 |
| | $13,300 |

The Mutual Life Insurance Company of New York was allowed $5,601.39 for loss of interest at the annual rate of one-half of one per cent on its holdings of $10,000,000 of Lake Shore three and one-half per cent bonds from December 23, 1914, for thirty-nine days to February 1, 1915, from which date it realized the increased rate of four per cent by exchange of its bonds.

Although the Mutual Life Insurance Company had assented to the proposed exchange prior to this injunction, it had obtained no definite date for the consummation of such exchange. Thereafter it deposited its bond holdings on the basis of a railroad circular of June 9, 1915, providing for

interest from February 1, 1915, upon any such bonds deposited before August 1, 1915. As the Mutual Life Insurance Company had never attempted to deposit its three and one-half per cent bonds before, and had not demanded such increase of interest as the new consolidation bonds provided, it had not established that this difference of interest before February 1, 1915, was a loss legally recoverable by reason of this injunction. Hence this item must be rejected.

The counsel fees on the reference are reduced to the sum of $1,500; being $1,000 to the New York Central Railroad Company, and $250 each to the Bankers Trust Company and to Messrs. J. P. Morgan & Company. The amount of the fees and the expenses of the referee, $1,967.87, fees of stenographer, $401.70, office rent, $81, total, $2,450.57, are allowed, as found and confirmed.

To recapitulate:

| | |
|---|---:|
| Counsel fees and expenses, as reduced......... | $13,300 00 |
| Counsel fees upon the reference, as reduced.... | 1,500 00 |
| Expenses of reference, as reported............. | 2,450 57 |
|    Total................................... | $17,250 57 |

The order of the Special Term is, therefore, modified so as to reduce the damages ascertained upon the reference to $17,250.57, and with this modification such order is affirmed, without costs to any party on this appeal.

JENKS, P. J., STAPLETON, MILLS, PUTNAM and BLACKMAR, JJ., concurred.

Ordered that the order of the Special Term be modified so as to reduce the damages as reported by the referee to the sum of $17,250.57, in accordance with the opinion, and that as so modified the order be affirmed, without costs to any party upon this appeal.