[Civ. No. 4745.  Second Appellate District, Division One.—May 20, 1927.]

JOHN AUGUST, Appellant, v. MANUEL GONSALVES et al., Respondents.

[1] SURETYSHIP — APPOINTMENT OF RECEIVER — BOND — ATTORNEY'S FEES—EVIDENCE.—A defendant in an action in which a receiver was appointed is not entitled, in a subsequent action brought by him on the receivership bond, to recover attorney's fees paid by him in defending against the receivership, where he employed attorneys to represent him generally in the prior action before the receiver was appointed, and the attorney's fees in the action for the appointment of a receiver were for the entire services rendered by the attorneys therein, and no separate charge was made by the attorneys for their services in connection with their efforts to vacate the order appointing the receiver.

(1) 34 Cyc., p. 512, n. 20.

APPEAL from a judgment of the Superior Court of Kings County.  M. L. Short, Judge.  Affirmed.

The facts are stated in the opinion of the court.

H. Scott Jacobs and Chas. E. Watkinson for Appellant.

Clark Clement for Respondents.

HOUSER, J.—This is an appeal from a judgment rendered in favor of defendants in an action on a bond for damages arising out of the alleged wrongful appointment of a receiver in a former action between the same parties— the position of the parties therein being reversed; that is to say, the plaintiff herein was the defendant in the former action and the plaintiff in that action is the defendant in this action.

The specific damages claimed by plaintiff herein were for attorney's fees in the sum of $1,300, alleged to have been

Recovery on injunction bond of attorney's fees necessarily expended in dissolving the injunction, notes, 8 Am. St. Rep. 161; 16 L. R. A. (N. S.) 49.  See, also, 8 Cal. Jur. 807; 14 R. C. L. 486.

paid by him to counsel representing him in the action in which the receiver was appointed.

On the trial of the present action, among other things, the court found:

"That the said Manuel Gonsalves did not procure the appointment of said receiver wrongfully, maliciously and without sufficient cause.

"That said John August has paid to his attorneys as aforesaid the sum of $1300, but that said sum was not paid for the purpose of procuring a dissolution of the receivership in said action No. 4771. That said sum of $1300 was not and is not a reasonable sum for attorney's fees in said action for obtaining the discharge of said receivership. That the sum of $1300 was a gross sum charged by said attorneys in connection with said action No. 4771, and that no separate charge was made by said attorneys for any work in connection with the receivership."

[1] The record herein shows that on the day on which the receivership action was commenced the defendant employed attorneys to represent him generally therein, and that no receiver was appointed in such action until one week thereafter. In the case of *Lambert* v. *Haskell*, 80 Cal. 611, 624 [22 Pac. 327, 331], it is said: " . . . In the first place, the liability of the sureties commences with the giving of the undertaking. They are not liable for counsel fees or loss of profits previously expended or incurred, . . . "

See, also, *Curtiss* v. *Bachman*, 110 Cal. 433 [52 Am. St. Rep. 111, 42 Pac. 910]; *Black* v. *Hilliker*, 130 Cal. 190 [62 Pac. 481].

Moreover, the appointment of a receiver was incidental only to the main question in the action in which the receiver was appointed. No question having been raised by appellant regarding the sufficiency of the evidence to support the findings, it conclusively appears that the attorney's fees charged the defendant in the action covered the entire case, and that there was no segregation in the charge of the attorneys showing what sum was charged in connection with that part of the action which dealt exclusively with the question of the validity of such appointment—which question was tested in the court below by a motion to vacate the order appointing the receiver, but which motion was denied.

While the attention of this court has been directed to no California case involving the question of whether bondsmen are liable for general attorney's fees paid or incurred by the defendant in defense of an action where a part of the relief sought by the plaintiff was by and through the appointment of a receiver, authorities are not lacking which in principle clearly indicate that attorney's fees paid generally in defense of a suit in which a receiver is appointed are not recoverable; but that such fees only (if any) are recoverable as were paid or incurred for the purpose of obtaining the discharge of the receiver.

As showing the similarity of the basis for an action on a bond given on the appointment of a receiver and an action founded on an undertaking given on the issuance of an injunction, it may be noted that section 566 of the Code of Civil Procedure lays a foundation for the recovery of damages where a receiver is appointed "wrongfully, maliciously or without sufficient cause"; and that by section 529 of the Code of Civil Procedure it is provided that an injunction bond must contain the undertaking that the plaintiff will pay to the party enjoined "such damages, . . . as such party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled thereto." The basis for the present action was that the receiver in the former action was appointed "without sufficient cause."

In the case of *Bustamente* v. *Stewart*, 55 Cal. 115, it was held that (syllabus): "The amount recoverable, on account of attorney's fees, in an action upon an injunction bond, is limited to the fees paid counsel for procuring the dissolution of the injunction, and does not extend to fees paid for defending the entire case."

In the case of *Curtiss* v. *Bachman*, 110 Cal. 433 [52 Am. St. Rep. 111, 42 Pac. 910], the question was thoroughly considered. Among other things, it is said therein (p. 438): " . . . It is well settled that the services of counsel rendered in the trial of a cause are not a portion of the damage sustained by reason of the injunction. . . . "

Referring again to *Lambert* v. *Haskell*, 80 Cal. 611, 624 [22 Pac. 327], it will be found that, in addition to the language already quoted herein from that case, the opinion contains the following statement: "In the second place, the

counsel fees for which the sureties may be held are not those expended for the defense of the suit, but only those which have been expended solely or principally in procuring a dissolution of the injunction (citing cases). And the evidence must show a case within the rule. It is not sufficient to show the value of services rendered in the case generally.''

The syllabus in the case of *Mitchell* v. *Hawley*, 79 Cal. 301 [21 Pac. 833], contains the following: ''In a suit on an injunction bond in a case where a gross counsel fee was paid for the defense of a suit, and no separate or distinct amount of money was paid to the attorneys for an unsuccessful attempt to procure a dissolution of the injunction, and no special charge was made therefor, and there is no sufficient showing in the evidence of a segregation and apportionment of the services, no counsel fee can be allowed as damages, though the court finally decided by dismissal of the action that the plaintiff was not entitled to an injunction. The allowance of counsel fees as damages is exceptional, and should not be carried beyond the point to which former decisions have taken it.''

To the same effect, see the following cases: *San Diego Water Co.* v. *Pacific Coast Steamship Co.*, 101 Cal. 216 [35 Pac. 651]; *Black* v. *Hilliker*, 130 Cal. 192 [62 Pac. 481]; *Porter* v. *Hopkins*, 63 Cal. 53; *Spooner* v. *Cady*, 5 Cal. Unrep. 357 [44 Pac. 1018].

As hereinbefore stated, by the findings of the trial court it conclusively appearing that the attorney's fees in the action for the appointment of a receiver were for the entire services rendered by the attorneys therein, and that no separate charge was made by the attorneys for their services in connection with their efforts to have vacated the order appointing the receiver, it follows that the action could not be maintained and consequently that the judgment should be affirmed. It is so ordered.

Conrey, P. J., and York, J., concurred.