ELIZABETH HUSTER, Plaintiff, *v.* PASQUALE NOTARANTONIO and Others, Defendants.

Supreme Court, Erie County, January 18, 1930.

*Gibbons & Pottle,* for the plaintiff.

*Klein & James,* for the defendants.

LYTLE, J.   This action was brought to restrain the defendants from interfering with a sewer on plaintiff's premises across the premises of the defendants.   The action and the issues were referred to the official referee for hearing, trial and determination, and the facts are fully contained in the referee's opinion.   After the trial the complaint was dismissed.

The action was commenced on or about November 7, 1928, and at the same time the plaintiff procured a show cause order returnable at Special Term requiring the defendant to show cause why an injunction *pendente lite* should not issue restraining said defendants from interfering in any way with the continuance of the use of the sewer.   This show cause order contained a temporary stay, or restraining order, until the hearing and determination of the motion.   On November 15, 1928, the defendants appeared by counsel and opposed the granting of an injunction *pendente lite.*   However, the court granted the temporary stay and the plaintiff was required to give a bond in the sum of $2,500.

Subsequently the attorneys for the defendants applied to this court for the purpose of having ascertained the damages sustained by reason of the injunction, and the matter was referred to Charles A. Pooley, official referee, who, after hearing the evidence and the attorneys, reports that the defendants sustained damage in the sum of $600, being the reasonable value of counsel fees for services rendered in the action.

Counsel for the plaintiff contends that counsel fees are not recoverable, citing a great number of early cases.

It is proper to make a reasonable allowance for attorney's fees as damages for services rendered in procuring a dissolution of the injunction.   (*Sargent* v. *St. Mary's Orphan Boys' Asylum,* 190 N. Y. 394; *Andrews* v. *Glenville Woolen Co.,* 50 id. 282; *Youngs* v. *McDonald,* 56 App. Div. 14; affd., without opinion, 166 N. Y. 639.)

Defendants, therefore, are entitled to an order confirming the referee's report.

Let an order be prepared accordingly.