Muscoda Bridge Company, Respondent, vs. Worden-Allen Company and others, Appellants.

*October 16, 1931—February 9, 1932.*

For the appellants there were briefs by *Bottum, Hudnall, Lecher, McNamara & Michael,* and oral argument by *Suel O. Arnold,* all of Milwaukee.

For the respondent there was a brief by *Kopp & Brunckhorst* of Platteville, and oral argument by *Arthur W. Kopp.*

The following opinions were filed December 8, 1931:

ROSENBERRY, C. J. The questions upon this appeal relate principally to the amount of damages the defendants are entitled to recover of the plaintiff on account of the issuance of the temporary injunction, which was issued as of October

18, 1927, but was not served until November 4, 1927. The temporary injunctional order was as follows:

"That the defendants . . . do absolutely desist and refrain from constructing or erecting any structure in the water of the Wisconsin river or on the bed of the stream thereof opposite plaintiff's property until the further order of the court."

This order was accompanied by a bond given by the plaintiff for $250, by which it was provided:

"The condition of this obligation is such, that whereas the above named the Muscoda Bridge Company, plaintiff, is about to procure the issuance of a temporary injunctional order in the above entitled cause against the above named defendants, and each of them: Now, therefore, if said plaintiff shall pay to the said parties defendant all the damages which defendants or any of them may sustain by reason of said injunction, if it shall be finally determined that said injunction ought not to have been granted, then this obligation shall become void."

On November 10, 1927, the defendants asked for a change of venue. On November 14, 1927, Judge COWIE was called to sit in the case. On November 10, 1927, the defendants moved to have the counties of Grant and Richland, the village of Muscoda, and the town of Eagle made parties defendant. This order to show cause was heard November 29, 1927. On December 1, 1927, the defendant Worden-Allen Company, by motion returnable on the 5th day of December, asked to have the temporary injunctional order dissolved. This motion was denied December 5, 1927. On November 29, 1927, the amount of the bond was increased to $10,000. On December 12, 1927, the case was heard upon the merits and taken under advisement, and on December 21st the court made and filed its findings of fact and conclusions of law and rendered final judgment as of December 12, 1927, granting a permanent injunction against the threatened trespasses. The judgment was reversed in this court May 8, 1928, and

on September 28, 1928, judgment was entered dismissing the complaint. On October 17, 1928, a referee was appointed to assess the damages.

The referee found the damages at $6,660.21. The defendants contend that the court erred in five particulars in modifying the referee's findings: (1st) in denying the defendants the rental value of a certain crane; (2d) refusing to allow damages for the cost of removing and rebuilding a certain trestle; (3d) in failing to allow the defendants damages for the rental value of certain machinery and equipment allocated to the Muscoda bridge job, then located part at Kaukauna, Wisconsin, and part at Shippensville, Pennsylvania; (4th) in reducing the interest on moneys invested in materials and supplies; and (5th) in failing to make a proper allowance to defendants on account of attorney fees and expenses of attorneys.

The disputed item under the first assignment of error relates to the rental value of a certain Koehring crane. The referee found, and the trial court confirmed the finding, that the use of said crane was not interfered with by the injunction. This finding is claimed by the defendants to be contrary to the undisputed evidence. It appears without dispute that the crane in question was used for the purpose of unloading sand and gravel from cars during the period covered by the temporary injunction. The defendants claim that this was an effort to minimize the damages and but for the injunction the crane would have been used elsewhere and the cars unloaded by hand labor. While it does appear, as claimed by defendants, that the crane was idle a considerable part of the month of December, it does not appear that it would have been employed but for the injunction. The injunction left the defendants free to use the crane in question elsewhere than on the premises of the plaintiff. It cannot be said that the finding of the court is against the great weight and clear preponderance of the evidence.

The second item relates to the cost of removing and rebuilding a trestle. This trestle was constructed for the purpose of enabling the McCarty Construction Company to build piers in the water and was completed prior to November 22, 1927, the day on which the injunction was served. It was removed in January, 1928, because of ice conditions and was replaced in October, 1928, when the work was continued. It appears without dispute that but for the judgment granting plaintiff a permanent injunction the defendants would have been back in the river within a day or two after December 21st. It was necessary to take the piers out because the water rose and fell in the river. As the water rose the ice rose and took the piling up with it. When it fell, the piling did not go back into place. If operations had been carried on, it would have been necessary daily to cut the ice away from the piling in order to prevent it from being heaved by the raising of the ice. It cannot be said upon this contention that the evidence preponderates so clearly in favor of the defendants as to warrant this court in setting aside the finding of the referee, which was confirmed by the trial court. Manifestly, a considerable part of the damage sustained subsequent to December 21st was due to the judgment granting the plaintiff a permanent injunction.

With respect to the item relating to rental value of certain machinery allocated to the job then at Kaukauna, Wisconsin, and Shippensville, Pennsylvania, this situation presented facts on which the finding of the referee, confirmed by the trial court, is conclusive.

Upon the fourth item, interest on moneys invested in materials and supplies, the plaintiff strenuously urges that payments due on estimates were not postponed for more than three days and that for that reason the defendants are not entitled to interest for more than that length of time. It appears without dispute that the issuance of the temporary injunction brought the whole operation to a complete stand-

still, so far as the construction part of the work was concerned. While it may not have postponed the time of the first payment, it certainly postponed the time when the materials and supplies would be incorporated in the work and could be included in an estimate. The referee allowed interest on moneys paid by Joseph McCarty for materials and supplies on October 1st, November 1st, and December 1st, in the sum of $28.30. He allowed interest to Worden-Allen Company for moneys invested for materials on the Muscoda bridge on October 25, November 23, and December 21, 1927, in the sum of $107.87. These items were allowed by the trial court respectively at $1.90 and $7.10.

It is not an answer to say that because the first payment was not delayed and these materials were not incorporated until some subsequent time that no liability arose for the delay caused by the injunction. The referee carefully segregated the items and it is considered that the court was in error in setting aside the referee's findings in this respect.

It is the established law of this state that damages sustained by reason of an injunction improvidently issued, properly includes attorney fees for services rendered in procuring the dissolution of the injunction, and also for services upon the reference to ascertain damages. *Wisconsin M. & F. Ins. Co. Bank v. Durner,* 114 Wis. 369, 90 N. W. 435; and generally upon this proposition see 16 L. R. A. N. s. 55, note *c,* and cases cited.

While the motion made to dissolve the injunction was not successful, the court was in error in overruling the motion as now appears by the final determination in the case. Therefore the defendants are entitled to recover attorney fees incurred in an effort to dissolve the injunction although the effort was not successful. While the defendants seek to recover for the services rendered by their attorneys by way of damages, their recovery is dependent upon proof of the amount and reasonable value of the services rendered. In

the main the services were rendered at Lancaster, in the circuit court for Grant county.

Originally, damages on account of a temporary injunction improvidently issued were not recoverable except on a showing that the transaction was malicious and without probable cause. Such is still the rule with respect to attorneys' fees in the federal courts and in some of the state courts. The basis of recovery, therefore, is statutory, and the statute requires plaintiff to enter into a written undertaking "to the effect that the plaintiff will pay to the parties enjoined such damages, not exceeding an amount to be specified, as he may sustain by reason of the injunction, if the court shall finally decide that the plaintiff was not entitled thereto." Sec. 268.06, Stats.

Two questions are presented: (1st) whether or not the defendants are entitled to recover the reasonable value of services rendered by their attorneys in an unsuccessful attempt to procure the dissolution of the injunction; and (2d) are the defendants entitled to recover as damages the reasonable value of the services rendered by their attorneys upon the reference to assess the damages? While *Wisconsin M. & F. Ins. Co. Bank v. Durner, supra,* did not deal with the question of the right of the defendant to recover reasonable value of attorney fees where the attempt to dissolve the injunction was unsuccessful, it is considered that, where the final determination of the action shows that the injunction was improvidently issued, the defendants are entitled to recover the reasonable value of services rendered in an unsuccessful effort to dissolve the injunction. Such appears to be the rule in New York. *Andrews v. Glenville Woolen Co.* 50 N. Y. 282.

It being established that the defendants are entitled to recover damages because the temporary injunction was improvidently issued, we can see no basis for denying them the right to recover the reasonable value of the services rendered

by attorneys on the reference. But for the improvident issuance of the temporary injunction, no assessment of damages would have been necessary. The principal as well as the obligors on the undertaking must have contemplated that if it should appear that the temporary injunction was improperly issued, then a reference would be necessary and upon that reference the defendants would of necessity require the assistance of counsel. So that it was well within the contemplation of the parties that part of the damage would be the reasonable value of the services rendered by attorneys upon the reference. This is the rule indicated in *Wisconsin M. & F. Ins. Co. Bank v. Durner, supra,* and we see no reason why it should not be adhered to. *Milwaukee Corrugating Co. v. Flagge,* 180 Wis. 274, 193 N. W. 69.

The defendants being entitled to recover the reasonable value of services rendered by attorneys in an effort to dissolve the injunction and upon the reference to assess the damages, the question then arises, upon what basis the value of such services should be determined. Plaintiff claims that the prevailing fees in the county of Grant, where the proceedings were pending, are controlling. On behalf of the defendants it is contended that they were residents of Milwaukee; that they employed their regularly retained attorneys in the case; that the amount which they have in fact paid their attorneys is a fair and reasonable compensation considering the rate charged for such services in the city of Milwaukee. We find no case in which this precise question has been considered. The cases almost uniformly hold that it is not the amount paid but the reasonable value of the services that controls; that the chancellor is not bound by the expert testimony but should determine what the reasonable value of the services is, everything considered. *Huster v. Notarantonio,* 135 Misc. 569, 239 N. Y. Supp. 89. In another case, although it appears from the report that defendants paid $15,000 attorney fees, the court allowed $2,500.

*Continental Securities Co. v. N. Y. Cent. R. Co.* 179 App. Div. 355, 166 N. Y. Supp. 491; affirmed, 222 N. Y. 650, 119 N. E. 1036.

In *Will of Willing,* 190 Wis. 406, 209 N. W. 602, we discussed the basis upon which the reasonable value of services rendered by an attorney to an administrator should be determined. The rule there laid down applies generally as between attorney and client. The circumstances in cases of this kind are somewhat different from those that obtain as between attorney and client. It is considered that the place where the litigation is pending is a fact to be considered but it should not be controlling. A litigation in that court may be just as complicated and complex as that in any other court. The same is true of the circuit court of all other counties. In some of the less populous counties of the state no established fee schedule exists. To say that the attorney's fee schedule of the county where the litigation happens to be pending is controlling would seem to be unfair and might in certain cases work injustice.

When the bond was given in this case the nature and character of the litigation and the residence and situation of the parties were well known and well understood by every one connected with the litigation. The plaintiff as well as the obligors on the bond were well aware of the importance of the litigation. In determining the reasonable value of attorneys' services in situations like that disclosed in this case, the court should be guided by what was fairly and reasonably within the contemplation of the parties at the time the bond was given. Consideration of this circumstance in connection with the other elements of value will enable the court to arrive at a fair and just result in each case. We cannot lay down an ironclad rule, but the ascertainment of a proper amount will be no more difficult than it is for courts to ascertain what is a reasonable time or other like matters which are by their nature indefinite.

The court was also in error in disallowing the interest on invested capital awarded by the referee to the defendants. The amount allowed by the referee should have been included in the judgment.

The plaintiff filed a motion for a review, claiming that the court was in error in allowing damages (1st) with respect to attorneys' fees; and (2d) that certain items for rental of machinery were erroneously allowed. We have already considered matters urged by the plaintiff with respect to attorney fees.

With respect to the rental value for certain equipment which was allowed by the referee, it is the contention of the plaintiff that the court erred in not modifying the report of the referee so as to exclude the amount of such rental value, which was found by the referee to be $1,568. The temporary injunction was in force forty-nine days. The defendants were upon the job with the machinery in place and the temporary injunction brought the whole operation to a standstill. During the period in question the defendants were deprived of the use of their property. At that time they had no other use to which they could put the equipment. The referee allowed what he found to be a fair rental value of the equipment; his finding was approved by the trial court, and we think correctly so. Interest on the value of the equipment is not a fair equivalent for the use of the machinery during the period of the interruption. It is considered that the referee correctly determined the defendants' damage to be the rental value of the equipment.

It appears that the notice of appeal was served April 23, 1931. The plaintiff contends that this appeal, being from a judgment entered September 28, 1928, was not taken within one year and was therefore not timely and was ineffectual. It is considered that the judgment entered September 28, 1928, was in the nature of an interlocutory judgment from

which an appeal might have been taken under sec. 274.09, Stats.; that with the insertion of the damages in the judgment in March, 1931, the judgment became final and an appeal therefrom was authorized by sec. 274.01. The matter was so treated by both parties and we think properly so.

Perhaps it should be pointed out that the right of the defendants to recover for the reasonable value of attorneys' services rendered on the reference to assess the damages will be dependent upon the amount of the recovery, the plaintiff having offered to permit the defendants to take judgment for the sum of $3,500. What is said in the opinion is not intended to indicate more than the basis of recovery. If the defendants do not recover more than the amount offered by the plaintiff, their right to recover costs incurred subsequent to the offer will be limited as provided by statute.

*By the Court.*—The judgment appealed from is reversed, and cause remanded for further proceedings as indicated in the opinion.

FOWLER, J. While I concur in nearly all that is said in the opinion of the court, I must dissent (1) from the inclusion of $210 in the allowance for rental of machinery and (2) from reversal of the case for reassessment of attorneys' fees.

(1) Damages for tying up the machinery during the period the injunction was in force were allowed on the basis of the rental value of the machinery and treated in the opinion on the hypothesis that all of the machinery was owned by the defendants. It is undisputed that an air compressor loaned to the defendants for use on the job was included with that owned by the defendants, and that $210 was allowed as the rental value of it, and that its use was furnished to the defendants by the Allis-Chalmers Company without charge therefor. I think this allowance was improper. For such

machinery as defendants did not own, the proper allowance was the rental paid by the defendants, which in case of the air compressor was nothing. As no rental was paid there can be no recovery of rentals. The cases directly bearing upon the point involved the allowance of attorney fees. Of these a multitude are cited in a note in 16 L. R. A. N. s. 76, under a statement to the effect that to recover attorney fees as an element of damages it is not necessary that they be actually paid but it is sufficient that the legal obligation to pay them has been incurred. In 32 Corp. Jur. pp. 477, 478, it is stated in reference to the precise point:

"It is of course essential that the person claiming the allowance should be actually liable for the fees, and it is erroneous to make an allowance in absence of any evidence that the person claiming the allowance had become liable to pay for services of counsel in and about the dissolution of the injunction."

Where the attorney renders the service gratuitously there can be no recovery. 14 Ruling Case Law, p. 489, § 194; 2 Sutherland, Damages, p. 1727, § 525. Where there is a contract with the attorney for stipulated fee, the recovery cannot exceed the stipulated amount—the contract with the attorney limits the recovery, although the services were worth more; the amount stipulated is the amount of damages sustained. 2 Sutherland, Damages, p. 1725. No recovery is allowed where counsel's services are rendered as part of his regular duty for which he is paid a salary. 14 Ruling Case Law, *supra*. In no event can one recover more than he has paid or is bound to pay. 32 Corp. Jur. p. 478, § 825. The expense incurred is what is recoverable. 2 Sutherland, Damages, p. 1727.

The same rule applies in reason to the use of machinery furnished as to services of attorneys. For machinery furnished the amount recoverable is the rental paid. If the defendants had been renting the machinery for one-half of

its rental value, it would not be contended that they could' recover as damages the full rental value. No more can they recover the full rental value or anything at all when the machinery is furnished rent free. Recovery for use of machinery furnished gratis can no more be recovered than can attorney fees be recovered when the services are rendered gratuitously.

To the suggestions that no distinction can be made between allowance of rental value for machinery owned and machinery not owned but loaned free of charge, it seems sufficient to say that in every case the damage properly recoverable is the damage that actually results, and that damage is what will be allowed if it is capable of proof. In case of machinery owned, what the exact damage is cannot be proved or even approximately estimated. Manifestly the owner sustains some damage. There being no means of proving the actual amount of that damage, the rule applied by the court, for want of a better or more accurate measure of damage, allows the rental value. But in case of rented machinery the exact damage may be proved. The rental paid or payable furnishes an exact measure of the damage. And in case of machinery loaned without charge, it is as clear that there is no damage at all as that the exact damage in case of rented machinery is the rental paid. In neither case should rental value be allowed.

(2) As to the allowance of attorneys' fees made by the trial court, it seems to me that they are sufficient under the rule laid down in the opinion of the court. By that opinion the allowance for services prior to the hearing to assess damages is limited to those performed on the motion to dissolve the preliminary injunction. These services, except as below noted, consisted in briefing. No allowance can be made for services performed in preparation for trial of the case, and all briefing done was necessary for the latter. The results of such briefing as was done in immediate preparation for hear-

ing of the motion to dissolve, if any there was, applied and was available as well in preparation for trial. When the work done in preparation for presenting the motion to dissolve cannot be separated from that done in preparation for trial of the case, no allowance can be made. 32 Corp. Jur. p. 477, § 823; *Church v. Baker,* 18 Colo. App. 369, 71 Pac. 888; *August v. Gonsalves,* 83 Cal. App. 245, 256 Pac. 584; *Jacobson v. Laurel Canyon M. Co.* 27 Ariz. 546, 234 Pac. 823; *Lambert v. Alcorn,* 144 Ill. 313, 33 N. E. 53, 21 L. R. A. 611, 616; *H. A. Hillmer Co. v. Behr,* 196 Ill. App. 363; *Mitchell v. Hawley,* 79 Cal. 301, 21 Pac. 833; *Housley v. Tobin,* 41 Wyo. 419, 286 Pac. 383; Joyce, Injunctions, § 203. There was no separation by counsel and no effort to separate the charges for briefing in the instant case. One of the counsel stated that he could not separate them. As no hearing was had of the motion to dissolve and no argument upon it made, the allowance should be limited to preparation of the motion papers and a few affidavits, for which, upon the basis laid down in the opinion of the court, the $281.25 assessed by the circuit court and included in the order appealed from is in my judgment ample.

I am of opinion, therefore, that upon respondent's motion to review, the judgment should be modified by deducting $210 therefrom, and as modified affirmed.

The following opinion was filed February 9, 1932:

PER CURIAM (*on motion for rehearing*). The defendants move for a rehearing and point out that the opinion contains a misstatement of fact. It is said in the opinion:

"With respect to the item relating to rental value of certain machinery allocated to the job then at Kaukauna, Wisconsin, and Shippensville, Pennsylvania, this situation presented facts on which the finding of the referee, confirmed by the trial court, is conclusive."

The statement is erroneous. The referee found that machinery of the value of $5,800 located at the time the temporary injunction was issued in Pennsylvania and at Kaukauna, Wisconsin, was allocated to the job, would have been reasonably required for use by the defendants, and would have been used by them upon the job but for the restraint imposed by the temporary injunction. The trial court held that the evidence did not sustain a finding that the machinery in question was ever specifically allocated to the Muscoda bridge job or held in idleness at the place stated by reason of the temporary injunction. It was this determination of the trial court which was approved by this court.

We have re-examined the references contained in the original briefs. There was no dispute as to the facts. The conclusion of the trial court that the machinery in question at the time the temporary injunction was issued bore no such relation to the operations as entitled the defendants to recover for its use for the period between November 2, 1927, and December 21, 1927, is correct. It is not a finding of fact, but a conclusion upon the facts that the defendants are not entitled to recover the rental value of the machinery.

On the motion it is further urged that we should, in addition to holding that the opposite party is entitled to recover the reasonable value of attorneys' services rendered in an unsuccessful effort to dissolve the injunction, also hold that the defendants in this case are entitled to recover the reasonable value of the services of attorneys rendered in the trial of the case. Counsel allege that they so understand the opinion. We regret our inability to make our determination understood. The amount of costs and disbursements recoverable in an action is fixed by statute. The statute applies to actions for permanent injunctions as well as to an action in which any other kind of relief is sought. The statute also provides that if a temporary injunction be secured, the par-

ties securing it shall give an indemnifying bond. This is held to entitle the opposite party to recover in accordance with the provisions of the statute. While the reasonable value of services rendered by attorneys is frequently referred to as damages, it is, strictly speaking, a disbursement. It is a sum which a party is obliged to pay out in order to relieve himself from the restraint imposed by an improvidently issued order. We have re-read the opinion and we see nothing in it from which an inference can fairly be drawn that the court holds that in an action such as this the parties are entitled to any other costs or disbursements than are provided by statute upon the trial of the case.

We are urged upon the record to determine the amount of attorney fees due and to make a final disposition of the case. This we expressly declined to do and still decline to do for the reason that the record is so complicated that it is difficult without the aid of counsel to allocate the services performed in reference to the various steps taken in the case. In addition to that, we do not have the familiarity as to the extent and character of the services rendered that the trial court had. It was for these reasons that we declined to make the determination in the first place and must still adhere to it.

It was the intention of the court to indicate that the defendants are not entitled to recover costs or disbursements or for the reasonable value of attorneys' services rendered after the offer for judgment was made unless the amount finally recovered exceeds the amount of the judgment tendered.

*By the Court.*—Motion for rehearing denied, with $25 costs.