STATE EX REL. PATCH, Relator, vs. CIRCUIT COURT, Respondent.

*April 18—May 20, 1941.*

86

*Samuel M. Pedrick* of Ripon, for the relator.
*Allan L. Edgarton* of Fond du Lac, for the respondent.

MARTIN, J.  As heretofore stated, on the original appeal in *Barlow & Seelig Mfg. Co. v. Patch,* 232 Wis. 220, 286 N. W. 577, this court determined a single issue, namely, that the relator was the sole owner of the patent there in dispute, subject to plaintiffs' shop rights.  The judgment of the circuit court as entered on April 9, 1940, conforms to the mandate of this court on the appeal from the original judgment; that is, it declares null and of no effect the judgment of August 26, 1938, as amended December 3, 1938.  It determines that relator is the absolute owner of patent No. 1,964,440, subject to the shop rights of the plaintiffs thereunder, and it awards costs and disbursements in his favor. It does not adjudge as to relator's right of action against the plaintiffs under their bond, for damages, if any, which were sustained by reason of the temporary injunction.

The relator, in the present action, seeks to have other parts of the judgment of April 9, 1940, vacated and set aside, the bond, which was posted by the plaintiffs when the temporary injunction was issued, reinstated, and provision made for a hearing on the question of damages because of such injunc-

tion having been issued. The question of damages was not litigated in the original action. The decision and mandate of this court in the original action make no reference to the question of damages which the relator might have sustained by reason of the temporary injunction. Whatever right of action he might have against the plaintiffs on their bond furnished under the provisions of sec. 268.06, Stats., at the time the temporary injunction was issued, is not affected either by the mandate of this court on the original appeal, or by judgment of the circuit court of April 9, 1940.

After carefully considering the present state of the record in this litigation, we conclude that the writ should be denied. In so holding we are not foreclosing any right of action which the relator might have against the plaintiffs on their bond under secs. 268.06 and 268.07, Stats. See *Muscoda Bridge Co. v. Worden-Allen Co.* 207 Wis. 22, 29, 239 N. W. 649, 240 N. W. 802.

*By the Court.*—Writ denied.