NAUMAN, Appellant, vs. CENTRAL SHOREWOOD BUILDING CORPORATION and others, Respondents.

*May 19—June 16, 1943.*

For the appellant there were briefs by *Benjamin F. Saltz-stein,* attorney, and *Howard G. Brown* of counsel, both of Milwaukee, and oral argument by *Mr. Brown.*

For the respondents there was a brief by *Hersh & Morse* of Milwaukee, and oral argument by *Emil Hersh.*

FAIRCHILD, J.    The dispute in question arose concerning the terms under which the appellant had a right to renew his lease.   The decision of the trial court was contained in an order and two judgments which we shall take up separately.

The first judgment, entered November 30, 1942, dismissed the plaintiff's complaint on the merits and dissolved

the temporary injunction which had restrained respondents from taking possession of the leased premises *pendente lite.* The finding that the lessor had received an offer from another *bona fide* prospective tenant was supported by the evidence. Whether the lessor exercised sound business judgment in preferring a tenant who would pay a higher rent but whose financial position was uncertain is immaterial in so far as the appellant's rights are concerned. The trial court found that appellant was given notice of the offer both before and after the date marking the beginning of the last six months of his lease but that he persisted in relying on his alleged right to renew on his own terms, basing his position apparently on the refusal of the lessor to mail him a copy of the offer of the prospective tenant. Although notified of the new offer for the premises, he did not attempt to match the competition and failed completely to exercise the right that might have been his under the contract. No useful purpose would be served here by repeating in detail the very careful findings of the trial court, all of which were amply supported by the evidence.

The order of December 21, 1942, required the lessee to furnish a bond of $5,000 to stay execution and restrained him from terminating the subleases of the safety-deposit boxes. The determination of the amount of the bond and a decision as to what relief the lessor is entitled to is peculiarly within the discretion of the trial court, and nothing in the record indicates an abuse of discretion in this case.

The judgment of March 30, 1943, assessed the damages arising from the temporary injunction, including $700 as the amount the lessor lost in rent by reason of the lessee holding over for seven months, and $300 as the reasonable value of attorneys' fees in connection with securing the dissolution of the said injunction and the assessment of damages. The evidence justified a finding that the lessor actually incurred a loss of $700 in rental, the appellant paying $100 per month less than was offered by the new tenant. As to the allowance

for attorneys' fees, the trial court pointed out that he was computing it on the basis of services rendered in securing the dissolution of the temporary injunction and in assessing the damages only, in accordance with the rule laid down in *Muscoda Bridge Co. v. Worden-Allen Co.* 207 Wis. 22, 239 N. W. 649, 240 N. W. 802.

*By the Court.*—Order and judgments affirmed.